# Howard *v.* Taylor.

*Action to recover Damages for Breach of a Contract of Sale.*

1. *Charge to the jury.*—A charge, which, in effect, asserts no more than that, if the plaintiff has established, to the satisfaction of the jury, the material averments of the complaint, he is entitled to recover, is not erroneous.

2. *Breach of contract; measure of damages.*—In an action for the breach of a contract not to engage in a certain business, the fact that in the purchase-price paid by plaintiff there was included the value of an unexpired license to conduct such business issued to the defendant, constitutes no element of damage, and can exert no influence upon

[Howard v. Taylor.]

the question of the extent and amount of damage suffered by plaintiff by reason of the breach complained of.

3. *Same.*—In an action to recover for the alleged breach of a contract, entered into by defendant on selling his business to plaintiff, in which he agreed not to carry on a similar business in the same town, evidence that plaintiff's business had fallen off greatly after defendant opened up at another place in the same town. and that defendant's old customers returned to him, furnishes no *data*, by which the jury could possibly arrive at the amount of plaintiff's damages; and on such evidence he can only be entitled to nominal damages.

5. *Charges to the jury.*—Charges which assert that "when plaintiff and defendant each testify in a case and contradict each other on material points. and neither is corroborated by other circumstances or evidence, and are equally credible and worthy of belief, the verdict should be for the defendant, are erroneous."

5. *Same.*—A charge predicated on a fact unsupported by the evidence in the case is erroneous.

6. *Same.*—A charge which asserts that if there is "doubt and uncertainty" as to a fact which it is incumbent on the plaintiff to prove, then such fact must be regarded as not established. and the issue must be found against the plaintiff, exacts too high a measure of proof, and is erroneous.

APPEAL from Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This action was brought by William T. Taylor against Frank A Howard, to recover damages for the alleged breach of a contract of sale; and was commenced on March 14, 1887. The complaint as originally filed contained but one count, which was demurred to by the defendant, the demurrer containing six grounds. The court sustained the first, fourth and fifth grounds of this demurrer, and overruled the second, third and sixth grounds. Thereupon the plaintiff amended his complaint by adding another count, in which the plaintiff claimed $1,400.00 for the breach of a contract made between him and the defendant. The substance of this contract, as stated in the amended complaint, and the breach complained of are as follows: The defendant sold to the plaintiff for $1,400.00 in cash his bar and fixtures, lease of a certain house and lot in Decatur, Alabama, and his good will in said business in said town; and contracted and agreed to remove his stock of liquors from said town of Decatur, and to treat the license under which he, the defendant, carried on the retail liquor business in Decatur, as a nullity, and not to carry on said business under said license in said town; and that the defendant failed to perform his part of the contract in this: 1st. He has failed to remove his stock of liquors out of said town, and is now carrying on a retail liquor business as before. 2d. He failed to give to the plaintiff his good will in the business sold. 3d. He failed to treat said license as a nullity. 4th. He has failed to ab-

[Howard v. Taylor.]

stain from carrying on the retail liquor business in the town of Decatur. To this complaint the defendant pleaded the general issue, and upon issue formed thereunder the trial was had.

The plaintiff in his own behalf testified that he purchased from defendant his bar and fixtures and the good will of his business, and that in said contract of sale the defendant agreed not to engage in the retail liquor business in the town of Decatur, and to remove his stock of liquors from said town; that he further agreed to cancel and give up the license, which had been granted him to carry on said business; that these considerations entered into the contract of sale, and were the inducements for the plaintfff to give to the defendant the purchase price, $1,400.00, the bar and fixtures not being worth that much; and that as part of the $1,400.00 paid the defendant, there was included the value of his unexpired license, which was estimated at $350.00.

The testimony for the defendant was in conflict with that of the plaintiff. He testified in his own behalf that he did not contract not to engage in the retail liquor business in Decatur, after the sale to the plaintiff. It was shown by the evidence of both plaintiff and defendant that a short time after the sale to the plaintiff the defendant again began business as a retail liquor dealer in the town of Decatur; and the plaintiff testified that "his business fell off very greatly after Howard opened up on the corner of Bank and Market Streets, and that Howard's old customers followed him to that place, and did not deal with the plaintiff."

The court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "If the jury are reasonably satisfied from the evidence that there was a sale of the good will and other articles mentioned in plaintiff's complaint by the defendant to the plaintiff, and the defendant agreed not to enter the same business in Decatur, then your verdict must be for the plaintiff, if you find that the defendant did again engage in the same business in Decatur." (2.) "If the jury believe from the evidence that Taylor paid Howard the value of the unexpired license for the time they were taken out, and if the jury further find from the evidence that in the contract of sale Howard agreed not to do business under said license, and that he did do business in Decatur under said license, then the amount so paid by Taylor to Howard would be an element of damage for which the jury may return a verdict for the plaintiff." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give

each of the following written charges requested by him: (1.) "Nominal demages in this case would be six cents, or other inconsiderate sum." (2.) "You are bound to weigh the testimony of both Howard and Taylor and give it such credence as you think it entitled to. You must reconcile it if you can, and if you can not reconcile it, then your verdict should be for the defendant." (3.) "When plaintiff and defendant each testify in a case, and contradict each other on material points, and neither is corroborated by other circumstance or evidence, and are equally credible and worthy of belief, then your verdict should be for defendant." (4.) "If you believe the witnesses are equally credible and equally worthy of belief, then the plaintiff in this case has not established his case by that measure of proof which the law requires, and your verdict should be for defendant." (5.) "If you believe from the evidence that Taylor made a hard bargain and the defendant a good bargain, then the plaintiff Taylor can not be reimbursed in this action for the amount of difference between a reasonable value of the articles purchased and the contract price." (6.) "If you believe from the evidence that there was a sale of the license by Howard to Taylor, this would have been a sale contrary to law, and plaintiff could not recover for it." (7.) "The use of the license by Howard entailed no loss upon Taylor, and for said use Taylor can not recover." (8.) "I charge you, gentlemen of the jury, that there is no evidence before you of any damage sustained by plaintiff by reason of defendant again engaging in business." (9.) "If you believe from the evidence that there is doubt and uncertainty in the question of the sale of the good will by Howard to Taylor, then the fact of the sale of the good will must not be regarded as established, and the issue must be found against the plaintiff." (10.) "The burden of proving that there was a sale of the good will in this case is upon Taylor, and if you believe that the evidence is equally balanced on this point and the witnesses are equally credible, your verdict must be for the defendant."

HARRIS & EYSTER, for appellant.

No counsel marked for appellee.

HEAD, J.—When the court sustained several of the grounds of the demurrer to the original complaint, that complaint, not being amended, necessarily went out of court. The fact that the court overruled the second, third and sixth

[Howard v. Taylor.]

grounds of the demurrer can be regarded as no more than a suggestion to the parties that the objections specifically urged by those assignments were not well taken. The case was therefore tried on the new count which was filed by way of amendment. The overruling the three grounds of demurrer can not be assigned as error here.

There was no error in the first charge given by the court at the instance of the plaintiff. The complaint sets forth a good cause of action. This charge, in effect, asserts no more than that if the plaintiff has established, to the satisfaction of the jury, the material averments of the complaint, he is entitled to recover.

The second charge given for plaintiff was erroneous. The theory of the plaintiff's case is that he purchased the bar and fixtures and lease from defendant, together with the good will of the business defendant was then carrying on, and in consideration thereof paid him $1,400.00, and defendant agreed not to engage in similar business in Decatur. In estimating the value of this purchase, and determining the contract price, it was considered that defendant had expended $350.00 for a license to engage in the business being disposed of, and allowance was made therefor, by way of addition to the value of the goods ; and, according to plaintiff's contention, the license was to be cancelled and not to be used again. The transaction in reference to the license was no more than an element entering into, and considered by the parties in the determination of, the value of the purchase plaintiff was negotiating for, and the price he should agree to pay, and into the agreement defendant made, if he made such, not to again engage in the like business. There was no sale and purchase of the license. There could have been none. This is not an action for breach of a contract of sale of the license. No such action would lie. The case, from plaintiff's stand point, is simply one of a purchase of the fixtures, &c. at the gross agreed price of $1,400, defendant agreeing to abstain from engaging in a competitive business. This is demonstrated by the complaint itself. The amount paid therefor can exert no influence upon the question of the extent and amount of damage plaintiff suffered by the breach of the agreement not to again engage in business. Those damages must be determined by other criteria.

The only evidence touching the measure of damage plaintiff sustained by reason of the alleged breaches, is contained in his statement, as a witness, that "his business fell off very greatly after Howard opened up on the corner of

Bank and Market Streets, and that Howard's old customers followed him to that place and did not deal with the witness." It is perfectly manifest that this furnishes no *data* by which the jury could possibly arrive at the amount of plaintiff's damage. The proof must go further than this, in order to recover more than nominal damages. 1 Sedg. on Damages, (8th Ed.), §§ 182, 254. The first, fifth and eighth charges requested by defendant, should, therefore, have been given.

The second, third and fourth charges incorrectly state the rule as to burden of proof. They are efforts to state the general rule that where all the evidence which favors the plaintiff and all which favors the defendant are found, when considered together, to be equally balanced, the jury must find against the party on whom rests the burden of proof; but they fall short of it for reasons too obvious to require discussion.

Charge six requested by defendant was properly refused. There was no sale of the license.

Charge seven is tantamount to saying that, if defendant carried on the business which it is alleged he agreed not to carry on, the plaintiff can not recover. It was properly refused. If the plaintiff proved his case to the satisfaction of the jury he was entitled to recover nominal damages, there being no evidence of substantial damage.

We have recently decided, in several cases, that charge nine exacts too high a measure of proof. It was properly refused.

Charge ten pretermits all right of recovery by plaintiff for the alleged breach not to again engage in the business in Decatur, and was properly refused.

For the errors mentioned, the judgment is reversed and the cause remanded.