# Taylor v. Howard.

*Action for Damages for Breach of Special Contract.*

1. *Contract of sale of business and good will; breach of stipulation not to engage in same business; measure of damages.*—Where on the sale of a retail liquor business, together with bar fixtures, good-will and the unexpired lease, the seller stipulates not to carry on the same business elsewhere in the same town, the measure of damages which the purchaser is entitled to recover upon the breach of the contract by the seller engaging in a similar business in the same town, is not the difference between the sum paid by him and the value of the stock and fixtures received by him, but such actual damages as the purchaser can show naturally and proximately resulted from such breach.

2. *Same.*—In an action for the breach of a contract of the sale of a business, wherein the seller agreed not to engage in the same business in the same town, the fact that in fixing the value of the purchase and the price to be paid by the purchaser, there was considered the value of an unexpired license which had been issued to the seller to conduct such business, constitutes no element of damage, and can exert no influence upon the extent and amount of damages suffered by plaintiff by reason of the breach complained of, and in such action the plaintiff can not recover under the common counts the value of the license paid to the defendant.

3. *Same.*—In an action to recover damages for the breach of a contract, entered into by defendant on selling his business to plaintiff, in which he agreed not to carry on a similar business in the same town, the plaintiff is entitled to such damage as he can show naturally and proximately resulted from the breach complained of; and if the plaintiff fails to furnish *data* from which the jury may estimate the extent of his damages, his recovery will be restricted to nominal damages.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was an action brought by the appellant, W. T. Taylor against Frank A. Howard, the appelleee, to recover damages for the breach of a contract. The present is the third appeal in this case. The former appeals are reported in the 90 Ala. 241, and 99 Ala. 450.

The plaintiff being examined as a witness in his own behalf, testified that in February, 1887, he purchased

[Taylor v. Howard.]

from the defendant, who was a retail liquor dealer in the city of Decatur, his bar fixtures and good will in the business, and that in the trade, and as a part thereof, Howard agreed not to engage in the saloon business in the city of Decatur, but promised to remove his stock of wines, whiskies and liquors to Limestone county, and to cancel and give up his license, and not use them any more in Decatur ; that the price paid was $1,400 ; that the bar fixtures were worth $450 ; and that he had offered $1,000 for the bar fixtures and stand to the defendant, but he declined to accept it, saying that he had recently purchased his license for the year, and estimated it at that time to be worth $350. Plaintiff further testified that finally he told the defendant that he should not lose the license, and agreed to pay him $1,400 for the bar and fixtures, good-will and stand, and the license and some other property. The testimony of the defendant was in conflict with that of the plaintiff, in reference to his agreeing not to engage in the retail liquor business again in Decatur, and as to his selling him the license. It was further shown in evidence, and admitted by the defendant, that he did engage in business in Decatur, and the testimony was to the effect that by so doing the defendant greatly injured him.

These facts are sufficient for an understanding of the only two questions discussed on the present appeal, and it is unnecessary to set out in detail the other facts shown by the transcript, which are substantially the same as those disclosed on the former appeals.

On the last trial there was judgment for the plaintiff, assessing nominal damages. From this judgment the plaintiff appeals, and assigns as error the rendition thereof, and the other rulings of the trial court to which exceptions were reserved.

D. W. SPEAKE, for appellant.

HARRIS & EYSTER, contra, cited Howard v. Taylor, 90 Ala. 241 ; s. c. 99 Ala. 450.

HEAD, J.—This is the third appeal in this case.— Howard v. Taylor, 90 Ala. 241 ; s. c. 99 Ala. 450. After the cause was remanded the last time, the plaintiff amended his complaint by adding the common counts

under which he seeks to recover the sum of $350, the amount invested by Howard in his license, which it was contemplated he would not further need or use, and which factor was considered by the parties in arriving at the price, to be paid by the purchaser under the contract, the seller agreeing not to engage in a similar business. The facts are not different from what they appear upon the former trials, as viewed in the light of the plaintiff's version of the contract, which is the most favorable aspect for him presented by the record. The appellant, under the rulings of the court, recovered only nominal damages, and in support of his appeal he urges upon us only two propositions. The first contention is thus stated by his counsel : ''Our contention is, that in the absence of other proof, the plaintiff was and is entitled to recover of Howard the difference between the four hundred and fifty dollars, the value of the property actually bought by Taylor according to his evidence, and the one thousand dollars paid by him to Howard.'' We practically decided this question against the appellant on the first appeal. The contention misstates the contract between the parties as well as the sum paid, and is based upon a misconception of its real character. Taylor procured everything he purchased from Howard— the fixtures, stand, and such benefits as naturally arise from the location. He did not and could not purchase the license, and whether Howard did or did not cancel or destroy that paper was of no consequence to him. His only real ground of complaint consists in Howard's engaging in a competitive business in violation of his contract. For this breach he was entitled to recover such actual damages as he could show naturally and proximately resulted therefrom. Failing to furnish *data* from which the jury could properly estimate his actual damages, he could recover only a nominal sum.

The next contention is, that under the common counts, the appellant was entitled ''to recover the value of the license paid Howard.'' On the last appeal we practically declared this argument unsound. Taylor did not pay Howard ''the value of the license,'' in the sense in which these words are used. The license had no value as far as Taylor was concerned. He did not and could not buy it. The expenditure therefor by Howard was

merely considered by the parties in fixing "the value of the purchase plaintiff was negotiating for, and the price he agreed to pay," and as an element entering into "the agreement defendant made not to again engage in the like business."—*Taylor v. Howard*, 99 Ala. 450.

The difficulty of making proof from which the damages may be accurately computed, and the injustice of allowing the defendant to retain the full amount he received, while violating his agreement with apparent impunity, furnish a sufficient reason why the plaintiff might have sought injunctive relief in a court of equity, and obtained the specific performance of the contract, (*Moore & Handley Hardware Co. v. Towers Hardware Co.*, 87 Ala. 208 ; *Angier v. Webber*, 14 Allen, 211, s c. 92 Am. Dec. 748) ; but these circumstances do not justify us in relieving the plaintiff of the burden of the action he elected to bring, nor in declaring, for his benefit, a measure of damages not based upon sound principles of law.

We have stated the only questions argued in the brief of appellant's counsel, and having reached a conclusion adverse to him, upon those propositions, we must affirm the judgment. The various rulings of the circuit court, however, have been examined and appear to be in strict conformity with the opinions of this court, on the former appeals in this case, to which we adhere.

Affirmed.