104 So.2d 716

### Hilda Lois McDONALD, pro ami,

v.

### Elvin Odell AMASON.

7 Div. 483.

Court of Appeals of Alabama.

May 27, 1958.

Rehearing Denied June 17, 1958.

William S. Halsey, Heflin, for appellant.

Merrill, Merrill, Vardaman & Matthews, Anniston, for appellee.

**494**

CATES, Judge.

Plaintiff appeals claiming inadequacy in the damages awarded her for injuries sustained while a passenger in an automobile driven by the defendant.

There are two assignments of error; *first,* that the trial judge erred in overruling plaintiff's motion for new trial; and, *second,* that he committed error in sustaining the defendant's objection to a question calling for the opinion of a highway patrolman as to the speed of Amason's automobile just prior to its collision with a utility pole.

On November 23, 1955, the plaintiff, a high school student, along with two others, was riding from Lineville to Ashland in Amason's car which Amason was driving. It was raining and the roadway was slick. At a point inside the city limits of Ashland, slightly beyond a curve, the car left the highway and ran into a utility pole, injured the plaintiff by way of a broken left leg, fractured skull, and a permanent injury to her brain and nervous system.

The testimony as to the speed of the automobile just prior to the mishap varied from 40 miles an hour to 60 miles an hour. There was further testimony that the rear tires were without any tread.

The plaintiff in her complaint asked for compensatory damages, both general and special. There was uncontradicted testimony that the plaintiff incurred hospital bills, which were testified to as being reasonable, in excess of $1,023, and likewise special nursing fees of $510. There was testimony of pain and suffering. At the trial, more than six months after her injury, she was still not able to speak.

The case was submitted to the jury on a "willful *and* wanton" count without any objection taken to the oral charge of the court. The jury rendered a general verdict, finding for the plaintiff and assessing her damages at $500.

Thereafter, the plaintiff moved for a new trial, assigning as a ground therefor that the damages were grossly inadequate.

The question asked the highway patrolman we consider to have been objectionable in the form in which put. See our recent case of Huguley v. State, Ala.App., 96 So. 2d 315,[1] where we followed the principle of Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902.

At the outset, the defendant, relying on Louisville & N. R. Co. v. Street, 164 Ala. 155, 51 So. 306, says that we cannot review the question of the adequacy of the damages, because the Guest Law (Code 1940, T. 36, § 95) provides for the recovery *only* of punitive damages.

We have been cited to no case nor have we found one which holds that the Guest statute excludes the awarding of compensatory damages. Indeed, the very wording of the statute, viz.:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from the injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle.'"

1. Ante, p. 104.

shows that its purpose is only to preclude recovery under degrees of fault rising only to the level of negligence. Therefore, in both logic and reason, we cannot see why, once the weight of proof has broken through the barrier into the realm of willful or wanton misconduct, the measure of damages ordinarily obtaining in tort actions on this more aggravated level should not prevail. Charge 28, approved in Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74, clearly contemplates that punitive damages for wantonness can co-exist with compensatory damages:

"* * * and in the giving of plaintiff's given charges * * * 28, * * no error was committed.

* * * * * *

"(28) If you find for plaintiff under the fifth count of the complaint, you may award him, in addition to compensatory damages, such damages as in your sound discretion you see fit to punish defendant for its said action, and to deter others in like business from such wrongdoing in the future."

Analogy to the Wrongful Death or "Homicide" Act, Code 1940, T. 7, § 123, conferring a remedy unknown to the common law, would be misleading for two reasons: *first,* the wording of our "Homicide" statute does not merely remove the bar occasioned by the maxim, *actio personalis moritur cum persona;* and, *second,* the statute provides for "such damages as the jury may assess."

In contrast, the Guest Law, supra, extinguishes liability, "The owner * * * *shall not be liable* * * * unless * *". (Italics supplied.)

We are confronted with the question, can the jury disbelieve the testimony for the plaintiff as to compensatory damages and yet award plaintiff punitive damages only so as to preclude a review as to adequacy? We do not feel there is any doctrinal basis to ascribe all of the $500 here awarded as a mulct against the defendant solely by way of punishment.

In Kelite Products v. Binzel, 224 F.2d 131, 145, in a cause arising out of wrongful diversion of the plaintiff's mail, we have the Fifth Circuit, per Tuttle, J., saying:

"In Alabama the jury may award punitive damages for such an aggravated tort even though the plaintiff has failed to show any actual damages, and though the jury finds him entitled only to nominal compensatory damages. And while it is said that the amount of punitive damages ought 'to bear proportion to the actual damages suffered,' it is not necessary that there be any definite mathematical relationship, and the actual damage is only one factor to be considered by the jury with all the other attendant circumstances in exercising its sound discretion. * * *"

Axiomatically, a jury cannot assess punitive damages without a cause of action being proved. Our law provides no mathematical—only a qualitative—formula as a calculus responding to the gradations of proof of outrageous conduct sought to be punished.

■ If a cause of action be proved, the plaintiff is entitled as a minimum to nominal damages. If the evidence shows more, the assessment enters compensatory damages.

Sometimes it is said that mere nominal damages will support punitive damages. This actually means that a cause of action has been made out and the assessment may be viewed as having been based on whatever amount the jury thinks fit *even though no proof has been made of loss for which compensatory damages lie.*

Thus, cases such as Alabama Great S. R. Co. v. Sellers, 93 Ala. 9, 9 So. 375 (passenger carried beyond destination and forced to walk), show themselves to be cases *where no proof was made of loss or injury evoking assessment of actual compensatory damages.*

If liability was established, there was proof adduced which, if believed, required the assessment of actual compensatory damages for at least two concrete items, i. e., for hospital and nursing expense. Since the jury's award can only be justified as being for *nominal and punitive damages or for punitive damages only,* the amount obviously came from a disregard of the judge's instructions.

Accordingly, the fault having been found and the evidence for actual compensatory damages being undisputed, the inadequacy of the award—not in fact but in law—is self evident. Accordingly, under the principle of Alabama Great S. R. Co. v. Randle, 215 Ala. 535, 112 So. 112, and discussed in Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123, we consider the trial court to have erred in denying the plaintiff a new trial. Under Code 1940, T. 7, § 764, there is no presumption attending the judgment.

Reversed and remanded.

