246 So.2d 668

### In re AMERICAN LIBERTY INSUR-ANCE COMPANY

v.

### Leroy E. PACK et al.

### Ex parte Leroy E. PACK et al.

### 6 Div. 815.

Supreme Court of Alabama.

March 25, 1971.

---

A. Vincent Brown, Bessemer, for petitioner-appellees.

Sadler, Sadler, Sullivan & Sharp, Birmingham, for respondent-appellant.

LAWSON, Justice.

In the case of American Liberty Insurance Company, a Corporation, etc., hereinafter referred to as American, against Leroy E. Pack and Ruth E. Pack, hereinafter referred to as the Packs, the Court of Civil Appeals, on June 10, 1970, delivered an opinion affirming conditionally a judgment rendered by the Circuit Court of Jefferson County, Bessemer Division, in a suit brought by the Packs against American on a fire insurance policy.

On June 16, 1970, the Court of Civil Appeals, without an application for rehearing being filed, withdrew its opinion of June 10, 1970, and substituted in lieu thereof an opinion under date of June 16, 1970. The last-mentioned opinion contained this language: "The judgment of the trial court as corrected is affirmed." The correction made was that the judgment rendered by the trial court in the amount of $6,624 was reduced to $6,510.

The judgment rendered in accordance with the opinion of June 10, 1970, was on June 16, 1970, by amendment corrected as to the amount of the judgment in accordance with the opinion of that date.

American was still dissatisfied, so on July 1, 1970, it filed its application for rehearing.

On August 19, 1970, the Court of Civil Appeals, 246 So.2d 664 delivered an opinion "On Rehearing," the opening paragraph of which reads: "On rehearing, the original opinion in this case is withdrawn and the following is substituted therefor as the opinion of the Court." We are of the opinion that the language just quoted has reference to the substituted opinion under date of June 16, 1970, rather than the original opinion delivered on June 10, 1970.

The effect of the opinion delivered by the Court of Civil Appeals was to grant American's application for rehearing. The result was that a judgment was rendered which reversed the judgment of the trial court and remanded the cause to that court.

The Packs on August 31, 1970, filed in this court their petition for writ of certiorari "to review and determine the decision rendered by the Court of Civil Appeals of Alabama on the 19th day of August, 1970, in that certain appeal, etc."

On September 21, 1970, after an examination by the writer of this opinion of the petition and brief filed in support thereof, this court ordered the issuance of a writ of certiorari. The writ was duly issued and the cause was argued and submitted here on December 1, 1970.

Since the cause was argued and submitted, we have observed for the first time that the Packs did not apply for a rehearing of the judgment rendered by the Court of Civil Appeals on August 19, 1970, which they would have us reverse.

Supreme Court Rule 39, as last amended, provides, in part:

"This court will not in term time, nor will the justices thereof in vacation consider an application for the writ of certiorari, or other remedial writ, or process, for the purpose of reviewing or revising any opinion or decision of the courts of appeals, unless it appears upon

the face of the application therefor that application has been made to the appropriate court of appeals for a rehearing of the point or decision complained of, and that said application had been decided adversely to the movant, and the application to this court must be filed with the clerk of this court within fifteen days after the action of the appropriate court of appeals upon the said application for rehearing * * *."

We have said, in fact, that compliance with the provisions quoted above relative to the filing of an application for rehearing in a court of appeals is necessary to give this court jurisdiction.—Moore v. State, 274 Ala. 276, 147 So.2d 835; Oliver v. State, 256 Ala. 295, 54 So.2d 618.

In their petition for writ of certiorari, the Packs aver:

" * * * Attorney for appellant [American] timely filed petition for rehearing, and on August 19, 1970, said Court [Court of Civil Appeals] granted the appellant's application for re-hearing and issued a decree reversing and remanding its previous decrees and orders, and hence the application for re-hearing has been decided adversely to your Petitioners by said Court of Civil Appeals on August 19, 1970."

But it was the application for rehearing filed by American that was decided adversely to the Packs. At that posture of the case they were in the same position as they would have been if the Court of Civil Appeals had reversed the judgment of the trial court in its opinion of June 10, 1970, or in its opinion of June 16, 1970. It would have been incumbent upon the Packs to file an application for rehearing in the Court of Civil Appeals as a predicate to review by this court. They should have filed such an application within fifteen days after the opinion of August 19, 1970. Because no such application was filed, the writ of certiorari heretofore issued is withdrawn because it was improvidently ordered to be issued and the petition for writ

of certiorari filed by the Packs is dismissed.

Writ of certiorari withdrawn.

Petition dismissed.

HEFLIN, C. J. and MERRILL, HARWOOD and MADDOX, JJ., concur.