314 So.2d 296

## In re BURGREEN CONTRACTING COMPANY, INC.

v.

### Jack GOODMAN.

Ex parte Burgreen Contracting Company, Inc.

**SC 1285.**

Supreme Court of Alabama.

May 29, 1975.

Patton, Latham & Legge, Athens, for petitioner.

ALMON, Justice.

Petitioner, appellant below, filed an appeal with the Court of Civil Appeals seeking a reversal of a $3,500.00 judgment against it for damage done to two brood mares belonging to Jack Goodman, appellee below.

The cause was dismissed by the Court of Civil Appeals upon a motion to strike the transcript of the record interposed by appellee for want of timely filing.

Upon a motion for rehearing, the Court of Civil Appeals withdrew the original opinion and reached the merits of the cause affirming the trial court's verdict against petitioner. Burgreen Contracting Co., Inc. v. Goodman, 55 Ala.App. 209, 314 So.2d 284 (1975).

A petition for certiorari is now before us to review and revise the decision of the Court of Civil Appeals. The writ must be denied.

Supreme Court Rule 39 provides in pertinent part:

"This court will not in term time, . . . consider an application for the writ of certiorari, . . . for the purpose of reviewing or revising any opinion or decision of the courts of appeals,

unless it appears upon the face of the application therefor that application has been made to the appropriate court of appeals for a rehearing of the *point or decision complained of,* and that said application had been decided adversely to the movant, . . . ." (Emphasis ours.)

On the rehearing below the only "point or decision complained of" considered a second time was the propriety of the original granting of appellee's motion to strike the transcript of the record which was resolved in favor of petitioner. The "point or decision complained of" here, was considered only once by the Court of Civil Appeals. Neither the letter nor spirit of Rule 39 has been complied with. Moore v. State, 274 Ala. 276, 147 So.2d 835 (1962); American Liberty Insurance Co. v. Pack, 287 Ala. 13, 246 So.2d 668 (1971).

Such defect is jurisdictional. Oliver v. State, 256 Ala. 295, 54 So.2d 618 (1951). Accordingly, the petition for certiorari must be stricken.

Petition stricken.

All the Justices concur.