This is an action for breach of an express warranty and of misrepresentation. A general verdict and judgment was for plaintiff with damages in the amount of $6,500. Defendant appeals. We affirm.
In December of 1977, plaintiff contacted defendant and requested a price on a specially equipped Chevrolet Malibu Classic station wagon with a 231 cubic-inch V-6 engine. After telephone conversations, defendant's salesman came to the home of plaintiff with a buyer's purchase order form. The form was filled out with the agreed-upon equipment, including the 231 V-6 engine and the agreed price of $5,500. Plaintiff signed the order and paid a $200 deposit, and the salesman took it away. At this point, the evidence begins to conflict.
Plaintiff said the salesman called him a day or two later and told him the special color combination desired could not be obtained from the factory. He also recommended a wind deflector for the rear of the wagon. Plaintiff agreed to take a different color at a reduction in price. He also agreed to add on the deflector. Plaintiff said nothing was said about the engine.
Defendant's salesman said he did not call plaintiff, but went to his house with a new purchase order form and told plaintiff that the 231 engine could not be obtained and neither could the desired color paint. He said plaintiff agreed to changing to a 200 cubic-inch V-6 engine and a different color. The wind deflector was ordered. The adjusted price was $5,412.27. Plaintiff then *Page 860 
signed a new purchase order. The salesman took it to the sales manager who approved the purchase order and ordered the vehicle from the factory accordingly on about the 9th of December, 1977. The vehicle as ordered arrived on January 10, and was delivered to plaintiff at his place of business by the salesman on January 11, 1978.
Plaintiff testified that the salesman delivered the vehicle on January 11, parking it at the rear of the business; that he announced that he was delivering the vehicle as ordered by plaintiff and secured the signature of plaintiff to the different purchase order form in two places. Plaintiff paid the balance of $5,212.27 to the salesman. He did not read the form he signed after he was informed the vehicle was as he ordered it. The vehicle did not perform satisfactorily and was in repair at defendant's shop most of the time until in March 1978. It was then that plaintiff learned from defendant's shop employee that the engine was not a 231 cubic-inch but a 200 cubic-inch. With this knowledge, plaintiff informed defendant he was revoking acceptance and was leaving the vehicle in defendant's possession with demand for the return of the purchase price.
The plaintiff presented his case on two theories: that defendant breached an express warranty in failing to deliver to him a station wagon with a 231 cubic-inch V-6 engine; that defendant fraudulently misrepresented that he was delivering the vehicle ordered by plaintiff and thereby obtained the sum of $5,412.27 and the signature of plaintiff to the new purchase order which indicated purchase of a station wagon with a 200 cubic-inch V-6 engine.
The court charged the jury on each theory and stated that it was agreed that the sole factual issue in dispute was whether the actual contract between the parties was for a 231 cubic-inch engine or a 200 cubic-inch engine.
Defendant on appeal contends the evidence is insufficient to support a verdict on either breach of express warranty or fraud. It also contends the evidence fails to support the damages awarded.
The jury was charged by the trial judge on both breach of warranty and fraud. The verdict referred to was general. It may be referred to either theory of recovery that is supported by the evidence. Thrasher v. Darnell, 275 Ala. 570, 156 So.2d 922
(1963). Our review of the evidence convinces us that there was sufficient evidence, if believed by the jury, to support a finding in favor of the plaintiff upon either theory of recovery. The trial judge denied defendant's motion for a new trial. That ruling strengthened the presumption of correctness which accompanies a jury verdict. The reviewing court will not reverse such ruling unless the evidence is so preponderant against the verdict as to clearly indicate that it is wrong and unjust. Walker v. Cardwell, 348 So.2d 1049 (Ala. 1977); 2A Ala. Digest, Appeal Error, 1005 (4).
Though the evidence supports a verdict in favor of plaintiff on either of his theories of liability, the amount of the verdict, when reviewed in the light of the court's charge on recoverable damages and the presumption of correctness, requires the conclusion that it can only be referred to the theory of fraud. The court charged the jury that plaintiff could recover only the price paid with interest at six percent from the date he was entitled to its return under the claim for breach of warranty. The verdict returned substantially exceeded that measure. Therefore, we look only to the claim of fraud to determine error.
The court charged the jury without objection that plaintiff's charge of fraud was that defendant delivered to plaintiff an automobile with an engine different from that ordered by him, though representing that the automobile being delivered was as ordered. We have previously related that the testimony of plaintiff was that he ordered an automobile with a 231 cubic-inch engine; that he was delivered an automobile with a 200 cubic-inch engine but was informed at delivery that the automobile was as ordered. Defendant's testimony was that the binding order was thereafter for *Page 861 
the smaller engine and that plaintiff had the opportunity to examine the automobile and window sticker at time of delivery and acceptance. Thus the evidence was in conflict. The jury resolved the conflict in favor of plaintiff.
There are many cases defining fraud and misrepresentation and the elements required to support the action authorized by §6-5-101, Code of Alabama (1975). Most recent and representative of such cases are First Virginia Bankshares v. Benson,559 F.2d 1307 (5th Cir. 1977); International Resorts, Inc. v. Lambert,350 So.2d 391 (Ala. 1977). It would serve no purpose to repeat the principle of those cases here. It is sufficient that we hold that there was evidence produced at trial, if believed, sufficient to establish legal fraud as defined in the cases cited.
Defendant charges that the verdict of the jury was excessive and represented punitive damages not recoverable under the evidence. It is evident that the verdict does contain an award of punitive damages. The trial judge properly charged the jury as to the evidence necessary to an award of punitive damages. There was no objection to the charge by defendant. Our cases hold that punitive damages may be awarded at the discretion of the jury, if there is evidence from which the jury can conclude that the fraud was malicious, oppressive or gross and the representations were made intentionally and with knowledge of their falsity. Winn-Dixie Montgomery, Inc. v. Henderson,353 So.2d 1380 (Ala. 1977). In this case, there was evidence from which the jury could reasonably infer that defendant delivered an automobile substantially different than that ordered by plaintiff with knowledge of the disparity and intentionally represented to plaintiff that it conformed to his order. The jury acting under instruction of the court must have reached such a conclusion and as punishment awarded some $1,000 as punitive damages and placed it in their verdict. We do not find such an award reversibly erroneous. Hall Motor Co. v. Furman,285 Ala. 499, 234 So.2d 37 (1970).
The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.