This is an appeal by the defendant, American Fire and Casualty Company, Inc., from a jury verdict in favor of the plaintiff, Dwight Bryan, in the amount of $10,000 plus interest.
A fire destroyed the rented home in which the plaintiff was residing on February 22, 1976. The plaintiff's personal property, which was also destroyed in the fire, was insured by the defendant, American Fire and Casualty Company. The policy had a limit of $10,000 and the plaintiff contended that property valued at $14,000 was destroyed. Therefore the plaintiff filed suit against the defendant for $10,000 for personal property destroyed in the fire. The defendant set up three defenses to the plaintiff's complaint: (1) a general denial; (2) the fire which destroyed the property of the plaintiff had been deliberately set with the acquiescence and consent of the plaintiff; and (3) any insurance policy issued to the plaintiff was void by reason of the fact that the insured had fraudulently misrepresented the circumstances of the fire and the amount and value of the contents of the dwelling. *Page 607 
The original insurance policy covering the plaintiff's personal property was destroyed in the fire. Afterwards, the plaintiff went to the local insurance agency through which he obtained the insurance coverage, and there obtained what purported to be a copy of his insurance contract with the defendant. The trial court admitted this document into evidence after evidence was adduced that the original policy was destroyed in the fire.
The defendant also produced at trial an insurance contract which it contended was a duplicate of the original policy issued to the plaintiff. The policy number on the duplicate was identical to that obtained by the plaintiff from the issuing agency and the policy itself was identical except for a forfeiture clause. This clause denied the plaintiff coverage if he misrepresented the circumstances of the fire and the value of the contents of the dwelling. The trial court also admitted this policy into evidence.
The defendant's first contention is that the trial court erred in explaining to the jury the insurer's third defense and in refusing to give the requested jury charge relating to that defense. The defendant's third defense was that the policy of insurance issued to the plaintiff was void because the plaintiff had wilfully concealed material facts or circumstances concerning the insurance in force, and had fraudulently misrepresented the amount and value of the contents of his home. As previously noted, this defense originated in a forfeiture clause found in the insurance policy produced by the defendant.
The trial judge explained the insurer's third defense to the jury in the following manner:
 The third defense, as I interpret it, that the Defendant, American Fire and Casualty Company, Incorporated, filed in this particular claim is the defense that the scheduled personal property that was scheduled in the proof of loss or in effect what was filled out, of the contents of the personal property, that was located in that dwelling house was inflated. And, that the value thereof was inflated. And, that is a matter for your consideration.
. . . . .
 They have claimed number one, that you did not have the amount of personal property, the number of things in that house, that you scheduled.
 All right. Number two. That the value of the personal property that you claim, or that the contents that you scheduled in that house, the value is inflated. The stuff that you did have was not worth what you claimed it was.
 Now, those, in substance, are the two aspects, as I interpret that.
The trial judge refused to give the defendant's requested charges which stated that the plaintiff's insurance policy would be void if the plaintiff had deliberately overstated the value of his personal property with intent to deceive the insurance company. The trial court stated that its refusal of the requested charges was because there were two policies in evidence and to give the rejected charges would be tantamount to a comment on the evidence, i.e. placing greater emphasis on the policy of insurance introduced into evidence by the defendant than on the one introduced by plaintiff. The trial judge did, however, explain to the jury that the terms of the insurance policy were binding on both parties.
It is for the jury, not the trial judge, to determine the credibility of the evidence and resolve any conflicts that appear, to find the facts, and to express their conclusion in their verdict. Merchants Bank v. Cotton, 289 Ala. 606,269 So.2d 875 (1972); Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891
(1965). Rule 51, ARCP, specifically states that in charging the jury, the judge shall not express his opinion of the evidence. We think the trial court was correct in refusing to give the requested charges. There were two versions of the insurance policy before the jury and a charge assuming the validity of one of the policies would have indeed placed greater emphasis on one piece of evidence by choosing one policy over the other and the jury could easily have concluded that this was *Page 608 
the proper policy and thereby been misled as to what evidence they should consider. Refusal of a written charge is proper when it is abstract and misleading, when not all the facts hypothesized in the charge could be inferred from the facts proven. Burke v. Thomas, 282 Ala. 412, 211 So.2d 903 (1968).
Furthermore, we think the trial court properly instructed the jury as to defendant's third defense in its oral charge. It is well settled that the refusal of a requested charge which is covered in the trial court's oral charge is not error. BurgreenContracting Co. v. Goodman, 55 Ala. App. 209, 314 So.2d 284,cert. den. 294 Ala. 199, 314 So.2d 296 (1975). We believe the trial court adequately covered defendant's third defense to the jury and stated that the provisions of the insurance policy were binding on all parties.
The defendant's second contention is that the trial court erred in admitting the plaintiff's secondary evidence of his insurance policy. Secondary evidence of the contents of the original writing is admissible upon proof, to the reasonable satisfaction of the trial judge, that the original has been lost. McElroy, The Law of Evidence in Alabama, § 214.01 (3d ed. 1977). The matter of the sufficiency of the preliminary proof as to the loss or destruction of primary evidence is largely a matter of judicial discretion. Powell v. Hopkins, 288 Ala. 466,262 So.2d 289 (1972). The original of the insurance policy was destroyed in the fire and the trial court upon proper predicate admitted a copy of the policy obtained by the plaintiff from the defendant's agency after the fire. We think the plaintiff established that the original policy was unavailable and therefore was entitled to have the copy of the policy obtained from the agency admitted into evidence.
The defendant also introduced into evidence a copy of the insurance policy which it contends is an original duplicate. The defendant argues that this is the best evidence of the insurance policy and not the copy that the plaintiff produced. Should it be shown that there were duplicate originals made, then all such duplicates would constitute the primary evidence. McElroy, supra, § 225.01 (2). Therefore the burden was upon the defendant to establish that its copy of the policy was an original duplicate. The defendant's only evidence to establish its copy of the policy as an original duplicate was an affidavit by an officer of the company.
The affidavit did not establish the defendant's copy to be a duplicate original, but merely indicated that the defendant's officer had caused to be prepared a duplicate of the plaintiff's policy. We think this is clearly insufficient to establish the defendant's copy of the policy as a duplicate original. The conduct of all the parties to a writing must show that they intended that each of two or more duplicates be the equal of each other to establish the duplicates as originals. McElroy, supra, § 225.01 (2). The affidavit stated only that the defendant's officer had prepared a copy of the plaintiff's insurance policy, nothing more. Therefore we think the trial court was correct in admitting the defendant's copy of the policy as secondary evidence and not as a duplicate original.
The defendant's final contention is that the trial court erred in denying him an opportunity to show the complete terms of an insurance settlement inquired into by the plaintiff. It was the defendant who initially called Roy Parker, an adjuster for Farm Bureau, as a witness. Farm Bureau carried the insurance coverage on the home rented by the plaintiff and owned by Wendell Mooney. The defendant initially questioned Parker as to the claim of Mooney and its disposition by Farm Bureau. The plaintiff cross-examined Parker as to the Farm Bureau payment of Mooney's claim without objection by defendant. On re-direct the defendant was allowed to question Parker as to the matter of the settlement of Mooney's claim. Finally, again on re-direct, the defendant sought to examine Parker as to the amount of Mooney's settlement. It was at this point that the trial court cut off the defendant's inquiry into the Mooney *Page 609 
settlement after the plaintiff objected as to the materiality of defendant's line of questioning.
The defendant argues that the doctrine of curative admissibility is applicable to the testimony of Roy Parker concerning the Mooney settlement. The curative admissibility doctrine holds that if one party introduces illegal evidence, his opponent has the unconditional right to rebut such evidence. McElroy, supra, § 14.01. However, this doctrine is subject to the important qualification that matters not relevant to the issues on trial may not be brought out. R.C.Bottling Co. v. Sorrells, 290 Ala. 187, 275 So.2d 131 (1973). The insurance settlement of Mooney had no relevancy to the insurance claim of the plaintiff and we think the trial court acted properly in refusing to allow the jury to hear this testimony.
No reversible error having been presented, the decision of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.