This appeal involves an alleged misrepresentation by Spartan Pools to the Royals through its sales brochure, which contains this language:
 "In order to help you, your Spartan dealer has everything you need for pool planning and design. He's fully qualified and has installed (and helped design) scores of beautiful pools."
Much of the evidence is undisputed. Spartan Pools manufactures, and distributes through authorized dealers, components for the installation of vinyl-lined swimming pools. In February, 1977, Spartan Pools entered into a dealership contract with Pacesetter of Mobile, Incorporated, whereby it supplies Pacesetter with swimming pool kits and sales promotion material. In May, 1977, in response to Spartan Pools' television advertisement, the Royals contacted Pacesetter and, by use of Spartan's brochure, selected the "Gold Medal 18' X 36' Pool with Steps," and contracted with Pacesetter for its installation.
At the time of execution of the distributorship contract between Spartan and Pacesetter, none of Pacesetter's personnel had any experience in the construction or installation of swimming pools. At the time of execution of the installation contract between Pacesetter and the Royals, Pacesetter was virtually inexperienced in this type of construction. The completion time specified in the contract was 10 days, but the installation was not actually completed until near the end of August — over three months. A detailed recital of the defective construction is unnecessary. Suffice it to say that Plaintiff's expert evidence is to the effect that repairs would necessitate removal of the entire existing concrete deck in order to correct the alignment of the walls which would require about two weeks and exceed in cost the original contract price of $4,715.00.
We agree with the following analysis of the primary issue by Spartan's counsel:
 "The fraudulent acts that are made the basis of this suit are the statements in the brochure published by the Defendant that Spartan dealers are qualified and have installed scores of pools. The question is whether or not any evidence was introduced in the trial which would show that this statement was, in fact, false."
Spartan's secondary contention can be gleaned from its Statement of Issues I and II:
"ISSUE I:
 "Whether or not a statement in a sales brochure, published by the defendant, who manufactures and sells component parts of a swimming pool kit that `Your Spartan Pool dealer has everything you need for pool planning and design. He is fully qualified . . .' and that `Your Spartan Pool dealer . . . has installed (and helped design) scores of beautiful pools.', constitutes sufficient evidence from which the jury can conclude that the fraud was malicious, oppressive, or gross and that the statements were made with knowledge of their falsity [thus permitting punitive damages]. *Page 423 
"ISSUE II:
 "Whether or not the evidence established an intent to deceive and defraud, when that evidence consisted of statements in a sales brochure published by the defendant which regarded the qualifications of its authorized dealer to install a swimming pool, and that the dealer `had installed scores of beautiful pools.'"
We further agree that "[u]nless a seller's fraud is malicious, oppressive or gross and the representations made with a knowledge of the falseness, or so recklessly made as to amount to the same thing, or with the purpose of injuring the buyer, there can be no recovery for punitive damages." SeeContinental Volkswagen, Inc. v. Soutullo, 54 Ala. App. 410,309 So.2d 119 (1975); Maring-Crawford Motor Company v. Smith,285 Ala. 477, 233 So.2d 484 (1970); and § 6-5-101, Code of Alabama (1975).
Whether the trial Court erred in submitting the case, including the punitive damages issue, to the jury, then, must be resolved by a "sufficiency of the evidence" determination; and our review must proceed on the established premise that "[n]o ground for reversal is more carefully scrutinized or rigidly limited than one charging that the verdict is against the great weight of the evidence." Rush v. Atomic ElectricCompany, 384 So.2d 1067 (Ala. 1980).
That the evidence amply supports a finding that "this statement [in the brochure] was, in fact, false" is demonstrated by the testimony of Plaintiffs' witnesses from which the jury could reasonably infer that the Spartan Pool dealer (Pacesetter) had, in fact, installed no pools at the time of Spartan's representation to the effect that its dealer was "fully qualified." The evidence justifies the jury's finding that Spartan represented its dealer to be an experienced and qualified installer of its pool kits when, in fact, at the time Spartan contracted with Pacesetter to become its dealer, Pacesetter had neither the experience nor the qualifications represented in its brochure. Furthermore, the ineptness of Pacesetter in its attempt to perform the installment contract with the Royals could reasonably be viewed by the jury as showing Pacesetter's lack of experience, and thus Spartan's misrepresentation of Pacesetter's qualifications as an installer of Spartan pools.
Even if the record discloses evidentiary support for the Royals' claim of misrepresentation, says Spartan, the evidence falls short of justifying an award of punitive damages. We disagree.
Obviously, Spartan's statement regarding its dealer's experience and qualifications was intended to induce the buying public, including the Royals, to purchase its swimming pool kit and contract with its dealer for the installation of the pool. Although these kits were available for purchase from the dealer without contracting with the dealer for its installation, it was the dealer's expertise in its installation that was held out by Spartan to the consuming public as an added inducement in the sales promotion of its product. The Royals' reliance upon this representation to their detriment is essentially undisputed.
Evidence of Spartan's knowledge of the falsity of its representations regarding its dealer's installation expertise is found in the testimony of its own witnesses. Its investigation of Pacesetter, preparatory to its dealership contract, revealed that the closest contact Pacesetter or any of its personnel had had with the installation of swimming pools was the fact that the husband of one of Pacesetter's officers was a previous Spartan dealer, but that she possessed no knowledge of the business and that her husband had no connection with Pacesetter. Moreover, Spartan's investigation of Pacesetter was oriented totally toward the financial status of its prospective dealer with no emphasis on its construction experience or expertise.
Furthermore, the "with the purpose of injuring the buyer" element was reasonably inferable from the total circumstances of this case. Although Spartan's staff includes a construction engineer (technical advisor), who was familiar with installation problems in Mobile, it made no effect to *Page 424 
instruct or assist Pacesetter in dealing with the problems here encountered until after the fact of Pacesetter's faulty installation. Given Spartan's representation of a material fact with knowledge of its falsity, which was acted upon by the Royals to their damage, these circumstances authorized the jury to infer Spartan's intent to deceive.
The Court of Civil Appeals, commenting upon § 6-5-101, Code of Alabama 1975, in Royal Chevrolet Co. v. Kirkwood,373 So.2d 858, 861 (Ala. 1979), correctly observed that punitive damages, in the jury's discretion, may be awarded "if there is evidence from which [it] can conclude that the fraud was malicious, oppressive or gross and the representations were made intentionally and with knowledge of their falsity." See, also,Randell v. Banzhoff, 375 So.2d 445 (Ala. 1979), in which this Court stated, "[I]f the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly," quoting from Hall Motor Co. v. Furman,285 Ala. 499, 234 So.2d 37 (1970).
We have carefully reviewed each of the remaining contentions of the parties, including the Plaintiffs' motion to reinstate the jury verdict (reduced on order of remittitur), and we find no basis for disturbing the judgment below.
AFFIRMED.
MADDOX, SHORES, EMBRY and BEATTY, JJ., concur.