392 So.2d 545 (1980)
LONG-LEWIS HARDWARE COMPANY
v.
Jerry L. LIGHTSEY.
Civ. 2415.
Court of Civil Appeals of Alabama.
October 29, 1980.
Rehearing Denied November 26, 1980.
*546 James B. Kierce, Jr., Stone, Patton & Kierce, Bessemer, for appellant.
John R. Frawley, Jr., Birmingham, for appellee.
HOLMES, Judge.
The plaintiff sued the defendant Long-Lewis Hardware Company for fraud in the sale of an automobile. The jury returned a $3,000 verdict in favor of the plaintiff.
The defendant appeals, contending the evidence does not support an award of punitive damages. We find that it does and affirm.
Viewing the record with the attendant presumption, the following is pertinently revealed: In October of 1977 the plaintiff purchased a four wheel drive truck from defendant. Plaintiff was told by defendant's salesman that the truck was a demonstrator. Plaintiff subsequently discovered that the truck had been repossessed from a prior owner.
The record reveals that defendant-company knew the truck had been repossessed and that defendant represented the truck as a demonstrator by allowing one of its salesmen to use it as such and by marking the keys to the truck with a tag reading "DEMO."
The salesman who told plaintiff the truck was a demonstrator testified that he did not know the truck had been repossessed at the time the truck was sold to plaintiff. This salesman also testified he had not been told by defendant that the truck has been repossessed.
Plaintiff testified that he might not have purchased the truck had he known of the repossession or that he would have offered less for it.
The case apparently went to the jury with the only damages question being whether plaintiff was entitled to punitive damages. As indicated above, a verdict in favor of plaintiff was returned by the jury. Defendant then moved for judgment notwithstanding the verdict or a new trial. These motions were denied.
At the outset, we note that a plaintiff in order to make out a prima facie case of fraud must show, among other things, that he has been damaged. This requirement, however, may be satisfied and nominal damages may be awarded if there is evidence of a breach of a legal duty and if there is evidence from which actual damages can be inferred. Shafer v. Timmons, 51 Ala.App. 157, 283 So.2d 609 (1973); Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484 (1970).
It has been the law of this state since 1846 that nominal damages are always *547 proper when a breach of a legal duty has been made out and the extent of the injury is not shown by the evidence. Bagby v. Harris, 9 Ala. 173 (1846). In other words, in order to recover nominal damages for fraud the plaintiff need not show the exact extent of his damages, but only that he has been damaged. When the evidence furnishes sufficient date from which the amount of damages can be fixed, the plaintiff may recover compensatory damages. McDonald v. Amason, 39 Ala.App. 492, 104 So.2d 716, cert. stricken, 267 Ala. 654, 104 So.2d 719 (1958). The absence of such additional data does not, however, prevent the recovery of nominal damages. McDonald v. Amason, supra; Howard v. Taylor, 99 Ala. 450, 13 So. 121 (1892).
Here, there is evidence showing a breach of a legal duty. The truck was represented as something that it was not, i. e., a demonstrator rather than a repossessed truck. Shafer v. Timmons, supra. A "demonstrator" had been defined as an automobile owned by a dealer which is used to demonstrate the dealer's line of automobiles to prospective buyers. Texas Lloyds v. Laird, Tex.Civ.App., 209 S.W.2d 937 (1948).
There is evidence from which the jury could infer actual damages. The plaintiff testified he had been told by defendant's salesman that the truck was a demonstrator. He also testified that he saw the key tag identifying the truck as a demonstrator. The inference that could be gained from such testimony would be that the truck, because it was a demonstrator, was well taken care of by defendant. In fact, plaintiff testified that this was his belief. Also, plaintiff testified that if he had known the truck had been repossessed he would not have purchased it or that he would not have been willing to pay as much for it as he did. A reasonable inference from this testimony could be that plaintiff considered a repossessed truck to be of less value than a truck used as a demonstrator. We conclude that actual damages can be inferred from the evidence in this case entitling the plaintiff to nominal damages. See, Shafer v. Timmons, supra.[1]
In an action for fraud an award of punitive damages may be based upon a showing of entitlement to nominal damages. Old Southern Life Insurance Co. v. Woodall, Ala., 348 So.2d 1377 (1977); Shafer v. Timmons, supra; Maring-Crawford Motor Co. v. Smith, supra. Punitive damages, in the jury's discretion, may be awarded if there is evidence from which the jury can conclude that the fraud was malicious, oppressive or gross and the representations were made intentionally and with the knowledge of their falsity. Spartan Pools v. Royal, Ala., 386 So.2d 421 (1980); Royal Chevrolet Co. v. Kirkwood, Ala.Civ.App., 373 So.2d 858 (1979). The primary constituent of gross, malicious, and oppressive fraud is the intention to injure and deceive. Universal Brokers, Inc. v. Higdon, Ala.Civ. App., 320 So.2d 690 (1975). Put another way, if the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly. Spartan Pools v. Royal, supra; Randell v. Banzhoff, Ala., 375 So.2d 445 (1979); Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970).
In the instant case defendant knew the truck had been repossessed. Further, from defendant's use of the truck as a demonstrator, from defendant's marking the keys to the truck with a tag reading "DEMO", and from defendant's failure to tell its salesman that the truck had been repossessed, the jury could reasonably infer an intent to deceive and defraud. In other words, there is evidence from which the jury could conclude that the fraud was malicious, oppressive or gross and that the representation was made intentionally and with knowledge of its falsity.
Defendant also contends the trial court erred by refusing to give a requested written charge to the jury. The refused charge essentially said that the jury in order to return a verdict in favor of plaintiff had to *548 find that plaintiff suffered damages as a proximate result of the alleged fraud.
It is well settled that the refusal of a requested charge which is covered in the trial court's oral charge is not error. American Fire & Casualty Ins. Co. v. Bryan, Ala.Civ.App., 379 So.2d 605 (1979); Rule 51, ARCP. We find defendant's requested charge to have been adequately covered by the trial court's instruction that the plaintiff had the burden of proving that he suffered the damages and injuries that he complained of.
For the reasons set forth above, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

ON REHEARING
HOLMES, Judge.
Able counsel for appellant Long-Lewis earnestly and strongly requests this court, among other things, to add the following facts to our original opinion: "Plaintiff purchased the truck for $5,700.01, drove it for four months and 6,000 miles, and then, when it was stolen, he was paid $5,900.00 for the truck by his theft insurer." This request is granted.
This court would further note that counsel for appellant favored this court with an excellent brief on original submission and on application for rehearing.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P. J., and BRADLEY, J., concur.
NOTES
[1] We state the above with full knowledge that the trial court charged the jury that the plaintiff could not be awarded any compensatory damages.