I concur specially in order to emphasize, and hopefully to clarify, the burden of proof with respect to punitive damages pursuant to Code 1975, § 6-5-103.
Bad faith, the gravamen of this action, means fraudulent intent; and punitive damages will lie where one is in fact injured by the tort of willful deceit of another who intends by his conduct to injure. The language of the cases to the effect that punitive damages may not be awarded unless the conduct is "gross," "oppressive," and "committed with the intent to deceive," is not to be interpreted as requiring two separate elements — intent to deceive coupled with malice and oppressiveness. These *Page 30 
descriptive terms assist the fact finder in its determination of whether the alleged culpable conduct measures up to the statutory requisite element of "intent to deceive." When the trier of fact has sufficient evidence from which to reasonably infer gross, oppressive and malicious commission of the fraud, it likewise has sufficient evidence to support a finding of willful misrepresentation of a material fact made with the intent to induce another to act to his injury. As the Court of Civil Appeals, per Judge Holmes, said in Long-Lewis HardwareCo. v. Lightsey, 392 So.2d 545 (Ala.Civ.App. 1980):
 "In an action for fraud an award of punitive damages may be based upon a showing of entitlement to nominal damages. Old Southern Life Insurance Co. v. Woodall, Ala., 348 So.2d 1377 (1977); Shaffer v. Timmons [51 Ala. App. 157, 283 So.2d 609] supra; Maring-Crawford Motor Co. v. Smith [285 Ala. 477, 233 So.2d 484] supra. Punitive damages, in the jury's discretion, may be awarded if there is evidence from which the jury can conclude that the fraud was malicious, oppressive or gross and the representations were made intentionally and with the knowledge of their falsity. Spartan Pools v. Royal, Ala., 386 So.2d 421 (1980); Royal Chevrolet Co. v. Kirkwood, Ala.Civ.App., 373 So.2d 858 (1979). The primary constituent of gross, malicious, and oppressive fraud is the intention to injure and deceive. Universal Brokers, Inc. v. Higdon, Ala.Civ.App. [56 Ala. App. 184] 320 So.2d 690 (1975). Put another way, if the evidence tends to establish an intent to deceive and defraud, it is difficult to see but that a fraud was committed grossly. Spartan Pools v. Royal, supra; Randell v. Banzhoff, Ala., 375 So.2d 445 (1979); Hall Motor Co. v. Furman, 285 Ala. 499, 235 So.2d 37 (1970)."
Indeed a party may be exceedingly nice (even a perfect gentleman) in his conduct toward the party defrauded and possess all of the malice and oppressiveness contemplated under our willful deceit statute. Conduct which rises to the level of affording a cause of action under § 6-5-103 necessarily rises to the level of conduct authorizing punitive damages. The gravity and enormity of that conduct (that is, the extent and degree of its grossness, maliciousness and oppressiveness) is the test by which the factfinder exercises its prerogative to award punitive damages and the yardstick for its measurement of the amount of the award.
The instant case falls short of one authorizing punitive damages, not because the intent to deceive is unaccompanied by gross and oppressive conduct, but because of the absence of another essential statutory element — "a knowledge of the falsehood." Although a fact is misrepresented, it will not support an action for willful deceit unless made with knowledge of its falsity; and such knowledge, as statutorily defined, must be coupled with an intent to deceive.
I concur with the majority that the Plaintiff in the instant case is not entitled to punitive damages. I understand fully why she felt that she had been tricked and made a victim of a willful scheme. The totality of the evidence, however, overwhelmingly supports the contrary conclusion. Once the stockboy made the initial error by tagging the van as a 1978 model, the next series of acts by the Defendant in the sale of the van to the Plaintiff fell naturally into the same erroneous pattern. When the in-office records were used by the company personnel in drafting the sales papers and the certificate of title application, the correct model number was used consistently. On the Plaintiff's initial contact with the Defendant following the sale, the Defendant immediately offered to substitute a 1978 model van for the 1977 model. While it may be said that none of these facts conclusively proves the absence of fraudulent intent, their weight and preponderance overwhelmingly bespeak of inadvertence, mistake and innocent error. Given the element of willful misrepresentation with knowledge of its falsity (i.e., fraudulent intent), the remaining requisite elements warranting punitive damages flow naturally from the facts of this case. *Page 31 
A simple hypothesis, only slightly different from the instant facts, will illustrate the point: Suppose a car salesman had affirmatively represented a 1977 model vehicle as a 1978 model, sold it to a plaintiff as a 1978 model, and then sought to defend on the basis that a previous owner, who traded it in on another vehicle, had represented to the retailer that it was a 1978 model. In other words, the seller defends a willful deceit claim on the grounds of lack of knowledge of the falsity of its representation.[1] Under the facts as hypothesized, such a defense overlooks the last sentence of § 6-5-103:
 "A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood."
The retailer's superior knowledge and easy access to the facts cannot excuse its ignorance of the truth, and the factfinder would be justified in concluding from the hypothesized evidence that all of the elements of willful deceit, as statutorily defined, existed and that punitive damages were warranted. While the factual difference between the instant case and the one here hypothesized is slight, it is a material difference to the point of authorizing punitive damages in the one and not in the other.
The element of the knowledge of the falsity includes not only misrepresentations made with actual knowledge but also those misrepresentations made recklessly without knowledge. ShilohConst. Co., Inc. v. Mercury Const. Corp., 392 So.2d 809 (Ala. 1980). In the instant case the evidence will not support a finding of knowledge of either species. In the hypothesized case, however, the evidence would clearly support a finding of a misrepresentation so recklessly made as to be tantamount to a material misrepresentation made with the intent to deceive the other party; and, if the other party relies thereon to his detriment, punitive damages may be awarded.
[1] Such a defense, if valid, would defeat a claim for punitive damages under § 6-5-103, but would not preclude recovery of actual or compensatory damages under § 6-5-100.