This is an appeal by Hartselle Real Estate and Insurance Co., Inc., a Corporation (defendant), from the judgment of the circuit court in favor of Gene R. Atkins and wife, Connie S. Atkins (plaintiffs), denying defendant's motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial.
Plaintiffs' complaint sought damages from the defendant alleging defective condition of a residential dwelling which the plaintiffs had purchased from defendant. A pre-trial hearing order limited the issues at trial to those evolving from count one of plaintiffs' complaint which proceeds on a theory of misrepresentation or deceit.
The case was tried to a jury. At the close of plaintiffs' case, defendant moved for a directed verdict. The court deferred a ruling. Plaintiffs were allowed to reopen their case without objection by defendant. At the second closing of plaintiffs' case, defendant renewed its motion for a directed verdict. The court again deferred a ruling. Defendant again renewed its motion at the close of testimony. The court denied it.
The case went to the jury on the issue of misrepresentation and a verdict was returned *Page 452 
in favor of plaintiffs with damages assessed in the amount $6,000. Subsequently defendant moved for judgment notwithstanding the verdict (JNOV), or, in the alternative, for a new trial. Both motions were denied. Defendant appealed.
We first address the issue of the denial of the motion for JNOV — a motion for JNOV tests the sufficiency of the evidence just as does the motion for directed verdict at the close of the testimony. Evidence sufficient to present the case to the jury against a motion for directed verdict is sufficient to withstand a motion for JNOV. Frederick v. Reed, 410 So.2d 95
(Ala.Civ.App. 1982); Casey v. Jones, 410 So.2d 5 (Ala. 1981).
The evidence presented on the basic issue of misrepresentation is largely undisputed. Defendant sold to plaintiffs a house. The house was not new and had been previously occupied. Defendant sold the previous owner another house and accepted the house in issue as a part of the bargain. After looking at the house, plaintiffs and defendant entered into a written contract for the purchase of it. The purchase price was $36,340. Plaintiffs testified that defendant's salesperson told them the house was in very good condition, being built according to VA specifications; that it had no defects except some which were thereafter noted in the contract; that the house was very livable.
Plaintiffs made a $5,200 cash down payment and assumed a mortgage for $31,000. Within a week after plaintiffs moved into the house, a heavy rain occurred. As a result, water drained from the front of the lot in such quantity as to enter the house and stand in several rooms. Inspection disclosed the carpet was rotted in several areas. Such flooding continued to occur when it rained during the six months plaintiffs lived in the house. They ceased making payments after repairs failed to correct the flooding. Foreclosure followed.
The cause of the flooding was found to be from the drainage toward the house with improper or clogged sub-surface drainage around the foundation. Repairs were made to the drains. However, the subsequent purchasers stated that some flooding still occurred after heavy rains.
Defendant contends the evidence was insufficient in two areas to submit to the jury. The first is the failure to prove any legal damage. The basis of defendant's contention is that there was no legal evidence presented as to the proper measure of damages.
The measure of damages in an action for misrepresentation in a sale such as this is the difference between the actual value of the property at the time of sale and what it would have been had it been as represented. Boriss v. Edwards, 262 Ala. 172,77 So.2d 909 (1954); Martin v. Honeycutt, 341 So.2d 171
(Ala.Civ.App. 1976). There was evidence of the sale price of the house — $36,400. That price set by the defendant may be considered to indicate the actual value of the house as it was represented to be by the seller. The plaintiffs testified that the house, after disclosure of its defects was actually worth only $30,000. Defendant complains that plaintiffs were not qualified to testify as to the value of the house. Such complaint is not well founded. An owner of realty may testify as to its value. Cinader v. Cinader, 367 So.2d 487
(Ala.Civ.App. 1979). The weight to be given such testimony is for the jury. Hicks v. Huggins, 405 So.2d 1324 (Ala.Civ.App.),cert. denied, 405 So.2d 1328 (Ala. 1981).
Defendant's further complaint that the court erroneously permitted plaintiffs to reopen their evidence after resting in order to offer testimony as to damages is not well taken. The complaint is not well taken for two reasons. First: We find no objection to the court's action in the record. Rule 46, A.R.Civ.P. Second: To permit the reopening after plaintiffs have rested is within the discretion of the court. State v.Alabama Public Service Commission, 293 Ala. 553, 307 So.2d 521
(1975); § 6-8-103, Code of Alabama 1975. *Page 453 
The second contention of insufficiency of the evidence to sustain the verdict is that plaintiffs failed to prove the charge of fraud — i.e., a false representation of material fact upon which plaintiffs relied. § 6-5-101, Code 1975. Defendant presents the proposition that the evidence fails to show a knowledge of the defective condition of the property or an intention to mislead plaintiffs. That proposition is made untenable by the very words of the statute and the numerous cases applying it. The "legal fraud" established by the statute is complete by the assertion as true that which is not true, even though believed to be true, and which is relied on with injury by the party to whom it is made. Maring-Crawford MotorCo. v. Smith, 285 Ala. 477, 233 So.2d 484 (1970); Hudson v.Moore, 239 Ala. 130, 194 So. 147 (1940). We have shown there was evidence of a statement by defendant's agent that the house was in good condition and had no defects other than those specifically stated. The truth was clearly established to be to the contrary. Defendant's argument that the statement was mere puffing or giving an opinion is untenable. The question of whether the statement is one of opinion or fact is usually one for the jury. Fidelity and Casualty Co. of New York v. J.D.Pittman Tractor Co., 244 Ala. 354, 13 So.2d 669 (1943). It is equally true that where there is evidence from which it may be reasonably inferred that plaintiffs were defrauded, the case must be presented to the jury. Mid-State Homes, Inc. v.Johnson, 294 Ala. 59, 311 So.2d 312 (1975).
Our review of the evidence convinces us that the case properly was presented to the jury and the verdict thereon was properly upheld. Dexter v. Baker, 382 So.2d 552 (Ala. 1980).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.