WRIGHT, Presiding Judge.
Samuel T. Christian and Nancy L. Christian commenced this action by filing a two-count complaint against Johnson-Rast & Hays Co., Inc., Ma-Jer, Inc., Maxwell L. Thompson and Newt Blackerby, alleging misrepresentation in the sale of and improper construction of a home purchased by the Christians. A jury trial was had. At the conclusion of the evidence, a default judgment was entered in favor of the Christians against Ma-Jer, Inc., and Maxwell Thompson. The jury was asked to consider only the question of the amount of damages as to these two defendants. The court granted a motion for directed verdict on behalf of Johnson-Rast & Hays on the issue of punitive damages. A verdict was returned in favor of the Christians against MaJer, Inc. and Maxwell Thompson in the amount of $240,000. A verdict was also returned against Johnson-Rast & Hays in the amount of $7,950. Judgment in accord with the verdict was entered. The Christians appeal from that judgment. This appeal involves only the case submitted to the jury under count one of the complaint alleging misrepresentation against Johnson-Rast & Hays.
There are two issues presented on appeal: (1) whether the trial court erred when it refused to submit the question of punitive damages to the jury, and (2) whether the trial court properly charged the jury on the correct measure of compensatory damages for misrepresentation.
The case involves the following pertinent facts:
Samuel and Nancy Christian began looking for a new home in Birmingham, Alabama, in 1978. After looking for several months a real estate agent for Johnson-Rast & Hays showed them a house which they were interested in purchasing. The house was located in the Riverchase Country Club Subdivision south of Birmingham and was owned by MaJer, Inc. Ma-Jer, Inc. was also entirely responsible for the design and construction of the house.
Mrs. Barrett showed the house to the Christians on several occasions. Upon examining the house, the Christians expressed a concern to Mrs. Barrett about water they had seen in the basement. Mrs. Barrett contacted Newt Blackerby, a sales manager for Johnson-Rast & Hays, about the water, and he contacted the builder, Maxwell Thompson. Blackerby told the Christians that he had been informed by Thompson that the water in the basement was a result of the basement being washed out with a hose in order to clean the area. Still concerned about the water, the Christians contacted Thompson and asked him whether the basement leaked, and he assured them that it did not.
The Christians signed an offer to purchase the house. Prior to signing the offer, Mrs. Christian once again expressed concern over the water in the basement. Blackerby again told Mrs. Christian that the builder had assured him that the basement did not leak. The sale of the house was consummated for the purchase price of $120,000.
Within a month after the Christians moved into the house a rainstorm occurred and the basement flooded. Since then the basement has flooded every time it has rained. On occasion the water has been as deep as three inches in the center of the basement and, from time to time, there was water in every area of the basement. The leak in the basement was never corrected, and the Christians filed suit.
Punitive damages may be imposed only when there is evidence from which the jury can conclude that the fraud was malicious, oppressive or gross, or the representations were made with a knowledge of their falsity, or so recklessly made as to *951 amount to the same thing, and with the purpose of injuring the plaintiff. Taylor v. Moorman Manufacturing Co., 475 So.2d 1187 (Ala.1985); Spartan Pools v. Royal, 386 So.2d 421 (Ala.1980); Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979).
We agree with the trial court’s determination that there was not a scintilla of evidence to take the case to the jury on the issue of punitive damages. There was no evidence presented that Johnson-Rast & Hays, or its agents, knowingly made any false representations. There was also no evidence presented that Johnson-Rast & Hays, or its agents, made a representation in a manner so reckless as to amount to knowledge of its falsity. Johnson-Rast & Hays took no role in the design or construction of the house; therefore, the agents of Johnson-Rast & Hays could not have had any actual knowledge of the structural integrity of the basement. Johnson-Rast & Hays held no means by which it could ascertain the truth of the representations provided by the homebuilder, Maxwell Thompson. The evidence at trial was un-contradicted that Johnson-Rast & Hays acted merely as a conduit for information regarding the basement that passed from the builder to the purchaser. There was no evidence that Johnson-Rast & Hays had any reason to be suspicious of the truthfulness of the builder’s statements. Thus, we find that the trial court was correct in directing a verdict for Johnson-Rast & Hays on the issue of punitive damages.
The measure of compensatory damages in an action for misrepresentation is the difference between the actual value of the property at the time of the sale and what it would have been had it been as represented. Hartselle Real Estate and Insurance Co. v. Atkins, 426 So.2d 451 (Ala.Civ.App.1983); Earle, McMillan & Niemeyer, Inc. v. Dekle, 418 So.2d 97 (Ala.1982). The Christians’ only allegation against Johnson-Rast & Hays was that it misrepresented the condition of the leaking basement. The trial court charged the jury as follows:
“In other words, you would award them such damages as would place them in the position they would have been in if the representations concerning the basement had been true. In that connection, I will say to you that it is undisputed from the evidence that certain of the damages were not — did not result from or were not the result of those representations being false....
“You may not award damages against Johnson-Rast & Hays for any of those defects which, from the undisputed evidence, did hot result from the water in the basement.”
The trial court correctly limited the damages to the amount related to the misrepresentation when it stated that the measure of compensatory damages was the difference between the actual value of the house as it existed in August 1978 and the value of that same house with a basement that did not leak.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.