This is a divorce case.
The parties were divorced after thirty-six years of marriage. Both parties were sixty-one years of age at the time of the divorce. The husband retired from the United States Air Force as a colonel in 1969. He retired on a forty percent disability due to a serious drinking problem. He receives $2,074.39 monthly from the military as disability and retirement income. The husband has not been able to maintain employment since his retirement because of his drinking problem. For most of their married life, the mother raised the parties' four children and kept house. She worked for two years as a sales clerk and then returned to school in 1978 and became a registered nurse for two years, but stopped working because she could not handle the stress. The wife has a heart condition and suffers from an ulcer, high blood pressure and Bell's palsy (an eye condition).
The wife filed suit for divorce in 1984, alleging incompatability of temperament. The husband answered and denied the grounds for the divorce. After an oral hearing, the court rendered a final decree of divorce in August 1985. The court divided the assets accumulated during the marriage thusly: The wife received $500 a month periodic alimony to be paid from the husband's military retirement; the family home valued at $36,000 (the wife must make monthly mortgage payments); a military identification card; and a 1979 Datsun automobile. The husband received the remainder of the military retirement check (approximately $1,500); three double lots of real estate in Florida (purchased for $11,000); a 1974 Grand Am automobile; and his coin and book collection. The court ordered the husband to pay the joint debts of the parties. The court also denied the wife's request for attorney fees. The wife filed an application for rehearing, or, in the alternative, a motion for a new trial, which was denied. The wife appeals from that judgment.
There are two issues presented on appeal: (1) whether the trial court erred in its award of periodic alimony to the wife, and (2) whether the court abused its discretion when it refused to allow the wife to reopen her case.
There is a presumption of correctness afforded a court's decision in a case heard ore tenus. Golson v. Golson,471 So.2d 426 (Ala.Civ.App. 1985). The amount and award of periodic alimony is a matter within the sound discretion of the trial court. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App. *Page 244 
1982). Each case must be determined on the basis of its own facts and circumstances. Edwards v. Edwards, 410 So.2d 91
(Ala.Civ.App. 1982).
We find no abuse of discretion in the court's award of $500 per month periodic alimony to the wife. The record reveals that the wife is a registered nurse and has started looking for work. The husband, on the other hand, has not been able to maintain employment for sixteen years because of his drinking problem. The income that the husband received from the military will be his only means of support. The wife has bank accounts totalling $10,000. The wife was awarded the family home, and the husband must find another place to live. Finally, the court ordered the husband to pay the parties' debts. For these reasons we find no abuse of discretion.
The allowance of attorney's fees is within the sound discretion of the trial court. Hansen v. Hansen, 401 So.2d 105
(Ala.Civ.App. 1981). When there is no evidence presented as to the value of legal services, the court will not be reversed for failing to grant attorney's fees. Lewis v. Lewis, 416 So.2d 755
(Ala.Civ.App. 1982). The court also has discretion in deciding whether or not to permit parties to reopen a case after resting. Hartselle Real Estate and Insurance Company v. Atkins,426 So.2d 451 (Ala.Civ.App. 1983). There was no evidence presented as to the value of the legal services in this case before the wife rested. The court denied the wife's request to reopen her case. Since there was no evidence presented as to the legal services before the wife rested, we cannot say that the court abused its discretion when it refused to allow the wife to reopen her case.
The judgment of the trial court is due to be affirmed.
The wife's request for attorney fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.