(94 South. 725)

## COOPER v. ROWE.   (4 Div. 972.)

(Supreme Court of Alabama.  Oct. 12, 1922.
Rehearing Denied Dec. 7, 1922.)

1. Appeal and error ⊂⊃1012(1)—Conclusion of trial court not disturbed unless contrary to great weight of evidence.

Where the evidence is largely ore tenus, the conclusion of the trial court is like a verdict, and will not be disturbed on appeal unless not supported by any phase of the testimony, or unless contrary to the great weight of evidence.

2. Contracts ⊂⊃94(2) — Misrepresentations must be "material."

For misrepresentations or the suppression of facts to vitiate contracts under Code 1907, §§ 4298, 4299, the facts misrepresented or withheld must be "material"; that is, of such nature as to induce action on the part of the complaining party.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Material.]

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by R. L. Cooper against Laura E. Rowe for rescission of a contract for the purchase of timber and the cancellation of a mortgage. From a decree denying relief to complainant, he appeals. Affirmed.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellant.

As in the case of other contracts, a court of equity will decree a rescission of a contract for the sale of land on the ground of a material mistake. This relief is granted where there was a mutual mistake as to the identity of the land sold, and as to the quantity of the land within the boundaries given, if the deficiency is material. 106 Va. 594, 56 S. E. 719, 117 Am. St. Rep. 1021, 10 Ann. Cas. 303; 103 Tenn. 358, 52 S. W. 1074, 47 L. R. A. 267; 27 R. C. L. 645; 1 Black on Resc. & Canc. 385; 216 Mass. 132, 103 N. E. 296; 103 Mass. 356, 4 Am. Rep. 560; 94 Miss.

868, 48 South. 186, 136 Am. St. Rep. 605; 162 Ala. 473, 50 South. 116; 25 Tex. 354; 100 Iowa, 586, 69 N. W. 1049; 103 Tenn. 358, 52 S. W. 1074, 47 L. R. A. 269; 94 Cal. 56, 29 Pac. 329, 28 Am. St. Rep. 92; 2 Warvelle on Vendors, 972; 19 W. Va. 440; 94 Cal. 56, 29 Pac. 329, 28 Am. St. Rep. 91; 37 Minn. 30, 33 N. W. 38, 5 Am. St. Rep. 816; 2 Kan. 374, 85 Am. Dec. 590; 62 Ala. 421. Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. Code 1907, § 4299.

W. W. Sanders, of Elba, for appellee.

A mutual mistake as to the location of land, in which both parties participated, is not ground for rescission, when the purchaser had ample opportunity to ascertain its location and was not misled by the vendor. 90 Ala. 510, 8 South. 80; 56 Ala. 327; 162 Ala. 528, 50 South. 378. Where the trial court hears the testimony in open court, the appellate court will accord to its finding the same weight as would be accorded the verdict of a jury. 86 South. 646; 206 Ala. 536, 90 South. 289, 206 Ala. 513, 90 South. 917.

ANDERSON, C. J. [1] The bill in this case seeks the cancellation of a sale of certain growing timber by the appellee to the appellant because of the alleged fraud or misrepresentation by her agent in making the sale. The evidence in this case was largely ore tenus, and the conclusion of the trial court, who saw and heard the witnesses, is like unto the verdict of a jury, and will not be disturbed by this court upon appeal unless not supported by any phase of the evidence or unless contrary to the great weight of the evidence. Senoir v. State, 205 Ala. 337, 87 South. 592; Ray v. Watkins, 203 Ala. 683, 85 South. 25. If the complainant's evidence tended to show actual fraud or misrepresentations on the part of appellee's agent, it was so controverted and in conflict with the respondent's evidence that a verdict by a jury thereupon in favor of the appellee would not be disturbed by this court. It is contended, however, by the appellant's counsel that the undisputed evidence shows that the appellant, Cooper, was carried over or through a portion of the Garrett timber, and, whether represented as being the Rowe timber or not, that Judge Rowe did not inform him that it was not his wife's timber, and, whether his conduct was mala fide or not, or whether he was himself ignorant of the fact that it was not his wife's timber, that there would be fraud in law (notwithstanding the ignorance of Judge Rowe, who was in a large measure relying upon Parker, who was familiar with the land, to carry them over the Rowe timber), under sections 4298 and 4299 of the Code of 1907. It is true that the undisputed evidence shows that they

went through a portion of the Garrett timber when making the inspection, and that Cooper was not then informed that it was not the Rowe timber, but the evidence was in conflict as to the extent to which they went through the Garrett timber, the respondent's theory, and which was accepted by the trial court, being that it did not exceed 10 or 12 acres, and that the route pursued was to avoid ravines or ditches, and that the character of the timber was not superior to that on the Rowe land, and that this fact could not have been a material factor in inducing the complainant to purchase the timber.

[2] In order for misrepresentations or the suppression of facts to vitiate contracts within either of the above sections of the Code, the facts so misrepresented or withheld must have been material—that is, of such a nature as to have induced action on the part of Cooper. Under this respondent's theory of the evidence, which was accepted by the trial court, the exhibition of the Garrett timber was so slight as to area and quantity and the same was not so superior in quality as to have operated as an inducement to Cooper to purchase the entire body of Mrs. Rowe's timber, and we are not of the opinion that this conclusion of the trial court was erroneous.

The decree of the circuit court is affirmed. Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.