228 So.2d 478

**MOBILE DODGE, INC., A Corporation**

v.

**Edward LADNIER.**

**I Div. 7.**

Court of Civil Appeals of Alabama.

Nov. 24, 1969.

Engel & Smith, Mobile, for appellant.

E. Graham Gibbons, Mobile, for appellee.

THAGARD, Judge.

This is an appeal from a judgment rendered pursuant to a jury verdict in an action brought by the Appellee against the Appellant under Title 7, Sec. 110, of the 1940 Code of Alabama, for deceit in the sale of an automobile by the Appellant to the Appellee.

The Appellee-buyer alleged and testified that the Appellant-seller represented that the automobile in question was a new automobile, whereas in fact it was a used automobile that the seller had formerly sold to another customer who had used it for about two months, driven it about thirteen hundred miles and, being dissatisfied, returned it to the seller and received another new car therefor. The Defendant in the Court below pleaded the general issue and in the trial of the case, vigorously denied by and through the testimony of the salesman who had made the sale that he had represented the car to be a new one, but on the other hand, affirmed that he had revealed to the purchaser the true facts about the former sale, use, and return of the car.

Appellee Ladnier's testimony was clear to the fact of the alleged deceit, and the testimony of Appellant's salesman Gulley was equally as clear to the fact that no misrepresentation was made and that a full disclosure of the true facts was made to the prospective purchaser.

But these facts were undisputed:

1. The Plaintiff asked for a new car.

2. The car sold to Plaintiff was on the new car lot at the time of the sale.

3. The Plaintiff was given a bill of sale in which the block "new car" was checked instead of the block "used car."

4. The Plaintiff was given a new car warranty.

5. The car was repaired on one occasion without charge under the new car warranty.

6. The car was in reality a "used" car as the term is commonly used in the trade and by the public.

Appellant complains that the Court erred in refusing to give written charges numbered 22 and 23 requested by the Defendant.

Charge No. 22 reads:

"The Court charges the jury that you cannot find the verdict for the Plaintiff on account of the Defendant concealing information from Plaintiff unless you are reasonably satisfied from all the evidence in this case that the Defendant made a deliberate, concerted effort to withhold such information with intention to deceive the Plaintiff."

Charge No. 23 reads:

"The Court charges the jury that unless you are reasonably satisfied from the evidence that the Defendant made a deliberate, concerted effort to conceal information from the Plaintiff, then you should not on the issue of deceit in concealing information find for the Plaintiff and against the Defendant on this issue."

We think, in the first place, that these charges are abstract, in that Plaintiff's case is based upon positive acts and misrepresentations calculated to deceive and not upon concealment; furthermore, that the law with reference to concealment in an action for deceit was fully covered by the able oral charge of the trial Court.

■ Appellant's assignment of error No. 7 is as follows:

"7. The trial court erred in sustaining the Plaintiff's objection to the following question propounded to the witness, Mr. Hider, a witness for the Defendant:

"Mr. Hider, as far as you know of your own personal knowledge, there was no effort made to conceal the history of this vehicle from Mr. Ladnier, was there?'

"the objection stating the following ground:

'Objection, Your Honor; now he's going into that—he's invading the province of the jury.'

"to which action of the court the Defendant duly and legally reserved an exception."

We make the same observation that we made with reference to refused charges Nos. 22 and 23. The Plaintiff alleged and offered testimony of positive acts and representations amounting to deceit, and the question of concealment was not in issue. Furthermore, Mr. Hider not having been present when the negotiations were had, could not have had complete knowledge of the facts sought to be elicited. We think there was no error in sustaining Plaintiff's objection.

■ The other matters argued by Appellant pertain to some of the grounds for a new trial, the motion for which was denied by the trial Court. The Appellant complains of the awarding of damages in spite of the fact that Plaintiff failed to prove the amount of his actual damages, and Appellant says that "nominal damages are a prerequisite of the awarding of punitive damages." In Bagby v. Harris, 9 Ala. 173, 177, Justice Goldthwaite said:

" * * * We incline to think that this is the proper interpretation of what is set out in the bill of exceptions; and we the more readily take this view, because the rule is quite clear, that nominal damages are always proper when a breach of duty is made out, and the extent of injury is not shown by the evidence, and it is scarcely possible the law on this point should have been mistaken."

Furthermore, we think the fact that the market value of a used car is less than that of a new car is of such widespread knowledge in this nation that the Court will take judicial knowledge thereof. See 29 Am.Jur.2d, Sec. 79, page 111.

■ Finally, Appellant says:

"The rule is that punitive damages may not be recovered in such an action (deceit) unless the fraud is gross, malicious, oppressive, and is committed with an intention to so injure and defraud."

citing Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24, 26. We think that the undisputed facts numbered 1 through 6 above, together with the testimony of Plaintiff's witnesses, was such that the jury might fairly have drawn the inference that the fraud perpetrated was gross, malicious, oppressive, and committed with an intention to injure or defraud and that the same was participated in by the management; and we conclude that, if the jury was reasonably satisfied that such was the fact, the amount of the verdict, to-wit: $8,000.00, was not excessive. At least, under the tendencies of all the evidence, and considering that the trial Court did not think the verdict excessive, we are not willing to disturb the same.

The judgment is free of prejudicial error and is affirmed.

Affirmed.