283 So.2d 609

**Ron SHAFER, an Individual d/b/a Ron Shafer Chevrolet Company**

v.

**Gerald M. TIMMONS.**

**Civ. 147.**

Court of Civil Appeals of Alabama.

Sept. 28, 1973.

158

Merrill, Merrill, Vardaman & Williams, Anniston, for appellee.

Lybrand, Sides & Hammer, Anniston, for appellant.

BRADLEY, Judge.

This is an appeal from a judgment of the Circuit Court of Calhoun County for damages in the amount of $2,000 in favor of the appellee here.

The action was commenced by the filing of a two count complaint alleging misrepresentation of an automobile sold to appellee by appellant. It was alleged that the 1970 Chevrolet Impala was represented to be an "executive" automobile driven by executives of the General Motors Corporation around the General Motors plant and in going to and from their homes when, in fact, the automobile had been owned and operated by Avis Rent-A-Car Systems, Inc. of Miami, Florida. Trial ensued with a verdict and judgment being entered for appellee in the amount of $2,000. The motion for a new trial was overruled and an appeal was taken from the judgment on the merits and on the new trial motion.

The evidence tends to show that appellee on May 26, 1970 went to appellant to purchase a car. He talked to Jerry Williams, a salesman, who represented to him that the 1970 Chevrolet Impala was an "executive" car used by officials in driving around the plant and to and from their homes. Williams denies describing the automobile in question as an executive vehicle. The next day appellee purchased the car in question and was given several documents, including a tag receipt. After returning home that evening appellee discovered from reading the tag receipt that the car had been owned and operated by Avis Rent-A-Car of Miami, Florida.

Appellee immediately called the salesman, Williams, and told him of his discovery. The next morning, at 7:30 a. m., appellee went to appellant's and talked to Williams and Bob Shafer, General Manager.

Appellee says he told both of them about his discovery of the misrepresentation and that the motor was knocking. He demanded the installation of a new motor or the return of his car. Appellant's agents offered to repair the car, but this was declined · by appellee. The automobile was later repaired at a Chevrolet place in Gadsden.

Appellee testified that he was told that the car was under a full new-car warranty. Appellant's testimony was to the effect that the warranty was partially used up.

■ There are nine assignments of error but only eight of them are argued. Those not argued are waived. Automotive Acceptance Corp. v. Powell, 45 Ala.App. 596, 234 So.2d 593.

Assignments three, four and five are argued together and suggest that the trial court erred in refusing to give the affirmative charge for appellant. In support of the assignments of error, appellant argues, (1) that there is no misrepresentation of a material fact, and (2) there is no showing that appellee sustained any damages.

■ To sustain a cause of action for misrepresentation, the complainant must allege and prove that the defendant misrepresented a material fact. Title 7, Section 108, Code of Alabama 1940, as Recompiled 1958. Material facts are such facts as would induce the injured to take action. Cooper v. Rowe, 208 Ala. 494, 94 So. 725.

■ The evidence shows that appellee testified that, "I told him then that I had been told—if he had told me that it was an Avis rental car that I wouldn't have bought it." The lack of knowledge on the part of the appellee of the previous ownership obviously was such as to materially affect his decision to purchase the automobile. We think this adequately describes material fact as defined by Alabama law. See Standard Oil Co. v. Myers, 232 Ala. 662, 169 So. 312.

■ The second point made by appellant is whether appellee proved actual damages. The rule in Alabama is that the plaintiff must not only show a material misrepresentation, but also show that he has been

damaged, to make out a prima facie case of fraud. Pihakis v. Cottrell, 286 Ala. 579, 243 So.2d 685; Ringer v. First National Bank of Stevenson, 291 Ala. 364, 281 So.2d 261. In *Pihakis, supra,* the Supreme Court held that a deed which had been obtained by fraud damaged the plaintiff by creating a cloud on the title although the property had been reconveyed to the plaintiff prior to filing suit. That court had also held that a showing that an automobile claimed to be new, but which was not, was sufficient to sustain a $20,000 recovery. J. Truett Payne Co. v. Jackson, 281 Ala. 426, 203 So.2d 443.

In Maring-Crawford Motor Co. v. Smith, 285 Ala. 477, 233 So.2d 484, it was stated that nominal damages may be awarded for the breach of a legal duty without damages or proof of damages but in a fraud or deceit action actual damages must be proved; however, if actual damages can be inferred from the evidence, nominal damages may be awarded even in the absence of proof of compensatory damages.

There was evidence in the instant case, if the jury wished to believe it, showing a breach of a legal duty, i. e., the 1970 Chevrolet Impala was represented as something that it was not, but was there evidence of injury or actual damage? We think so.

The appellee testified that he was told by the salesman for appellant that the Chevrolet Impala was driven by executives of the General Motors Corporation around the plant site and back and forth to their homes. The inference that could be gained from such testimony would be that the automobile had not been treated harshly. Also the appellee testified that if he had known that it belonged to a rental agency, he would not have purchased it. A reasonable inference from this testimony could be that appellee considered a vehicle used by a rental agency to be less valuable than one used by executives of General Motors Corporation to drive around the plant and to and from their homes. Furthermore the

appellee attempted to return the vehicle, but his offer was not accepted. There was also evidence that the warranty was less valuable than had been represented, i. e., it had been represented as being a new car warranty when in fact it had been partially used up.

■ We said in Mobile Dodge, Inc. v. Ladnier, 45 Ala.App. 210, 228 So.2d 478, that it is common knowledge that a used car is less valuable than a new car. We think it can be said with equal conviction that an automobile warranty has value and, as a consequence, a full warranty would be more valuable than a less than full warranty. Although there is an absence of an exact dollars and cents amount, we conclude that actual damages can be inferred from the evidence in this case, entitling the appellee to nominal damages.

■ It is the law in this jurisdiction that an award of nominal damages will authorize the jury in its discretion to award punitive damages where there is legal malice, willfulness, or reckless disregard exhibited during the invasion of the rights of another. Maring-Crawford Motor Co. v. Smith, *supra.* And, the jury in the instant case was charged on punitive damages.

A prima facie case of fraud having been presented to the jury for its consideration, we conclude that assignments of error three, four and five, along with assignments two, six and seven, have no merit since they were based on the same argument as was made for assignments three, four and five.

Assignment of error eight suggests that the trial court erred in not giving the following requested charge:

"The court charges the jury that fraud without damage is not actionable since damage is an essential element of the wrong and not merely a consequence thereof."

■ In its oral charge the court instructed the jury that the appellee, in order

to recover in the fraud action, must show injury. We perceive of no appreciable difference in this instance in saying that the appellee must show that he had been injured or saying that he had been damaged. We consider the statements for these purposes to be the same.

■ The cases are consistent in holding that where the oral charge encompasses the written requested charge, there is no error in failing to give the requested charge. Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 74 So.2d 266.

Assignment of error one contends that the trial court erred in giving the following charge because it was not supported by the evidence:

"Getting to the further question of compensatory damages, we need to find out what the measure of compensatory damages are (sic) in this case. Ladies and gentlemen, I charge you that the measure of compensatory damages in this particular case would be the difference in the value of the automobile as represented to the plaintiff, and the actual value of the automobile in its alleged misrepresented case."

■ The argument in support of this assignment was not bottomed on any legal authorities. It is a rule of this court that where one fails to substantially argue an assignment of error, such assignment is deemed waived. Rule 9, Supreme Court Rules. Furthermore, where there is a lack of reliance on legal authority in an argument, it is said that no substantial argument has been made that would support an assignment of error. Alabama Elec. Co-op., Inc. v. Partridge, 284 Ala. 442, 225 So.2d 848.

No reversible error having been argued, the judgment in this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.