321 So.2d 223

**Amos GARRETT and Phil N. Schock, Jr., a/k/a Philip Schock**

**v.**

**Euel Lee VINES and Sarah B. Vines.**

**Civ. 643, 643–A.**

Court of Civil Appeals of Alabama.

Oct. 22, 1975.

J. Connor Owens, Jr., Bay Minette, for appellant Phil N. Schock, Jr.

Taylor D. Wilkins, Jr., Bay Minette, for appellant Amos Garrett.

James R. Owen, Bay Minette, for appellees.

BRADLEY, Judge.

This is an appeal by the co-defendants, Dr. Amos Garrett and Philip Schock, from a summary judgment entered for plaintiffs.

On September 11, 1972 Dr. Garrett gave Mr. Vines, one of the plaintiffs, a quitclaim deed to Lot 13, Second Addition to Garrett's Subdivision in Baldwin County. In exchange, Mr. Vines paid $10,000, of which Dr. Garrett received sixty percent and his agent, Phil Schock, received forty percent. Mr. Vines subsequently discovered that Dr. Garrett had made a prior conveyance of the property to the county for a consideration of ten dollars and other valuable consideration.

On March 11, 1974 Mr. Vines filed a complaint in the Circuit Court of Baldwin County, alleging that Dr. Garrett had misrepresented that he was the owner of the property and was able to convey good title, a representation plaintiffs allegedly relied on. Plaintiffs sought judgment of $10,000. Dr. Garrett's answer denied any misrepresentation.

On January 7, 1975 Dr. Garrett and Mr. Vines were deposed. In his deposition Dr. Garrett stated that he had never represented to Mr. Vines that he could convey good title, but, to the contrary, had warned Mr. Vines that any title he did convey would be questionable and Mr. Vines would be a fool to buy it. Nonetheless, according to Dr. Garrett, plaintiffs persisted in attempting to buy the land, and ultimately the sale was consummated.

Mr. Vines' deposition flatly denied the truth of Dr. Garrett's deposition.

On March 25, 1975 plaintiffs moved for summary judgment. The motion was granted on April 7, 1975, and judgment entered for plaintiffs the following day. The two depositions and the deeds conveying the land to Baldwin County and to plaintiffs were the only evidence before the trial court.

■ If Dr. Garrett's deposition is true, then plaintiffs would not have a cause of action. To make out a prima facie case, plaintiff must show, *inter alia,* a material misrepresentation. *Shafer v. Timmons,* 51 Ala.App. 157, 283 So.2d 609.

■ It is apparent, therefore, that Dr. Garrett's deposition sets forth facts which formed the basis of a defense to the action. Mr. Vines' deposition unequivocally and categorically denied the existence of those facts. The presence of a genuine issue as to a material fact precludes the granting of a summary judgment. *Birmingham Television Corp. v. Water Works,* 292 Ala. 147, 290 So.2d 636. We can think of no more genuine issue of material fact than that presented here. The trial court erred in

entering summary judgment where there is such a glaring conflict in the evidence.

The entry of summary judgment is reversed and the cause remanded.

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.