From a jury verdict in the Circuit Court of Jefferson County awarding Mrs. Alvertis Honeycutt $4,250 in damages, Mr. Johnny Martin takes this appeal. *Page 172 
Two issues are submitted to this court by the appeal:
(1) Did the trial court in this instance err to reversal by granting summary judgment to one defendant and denying summary judgment to a co-defendant, appellant herein?
(2) Are the damages awarded excessive?
We answer in the negative and accordingly affirm.
The pertinent facts as revealed by the record show that in 1969, Mr. Johnny Martin, the appellant, was the owner of a house located at 5051 Eubank Road, Bessemer, Alabama. In June of 1969, Mr. Martin was notified to remove the plastic plumbing and an unapproved septic tank from the premises by the Jefferson County Board of Health. Mr. John N. Mauter, a registered sanitarian with the Jefferson County Health Department, testified that the soil at the dwelling was unsuitable for septic tanks.
Mr. Martin replaced the plastic pipes with iron pipes but did not remove the septic tank.
Thereafter, on December 2, 1970, Mr. Martin executed an agreement with the Ada Mae Garner Agency whereby the latter was given the exclusive right to sell the property at 5051 Eubank Road. Before showing the house to prospective buyers, Mrs. Garner visited and looked at the premises. At no time did Mr. Martin ever inform Mrs. Garner of either the notice by the Jefferson County Board of Health or of any other problem with the bathroom facilities. In fact, Mr. Martin led Mrs. Garner to believe that everything in the house was "in good working order."
Mrs. Garner placed the following ad in the Birmingham News:
 "BESSEMER-HOPEWELL, 5 rooms and bath, good condition, WW carpets, $5,000. Call 425-1685, Ada Mae Garner Agency, Realtor."
The plaintiff below and appellee herein, Mrs. Honeycutt, saw the ad, called Mrs. Garner and went to inspect the dwelling. In that prepurchase visit to the residence, Mrs. Honeycutt saw one of Mr. Martin's children flush the commode. Additionally, she was informed that the bath was in operating condition.
On December 20, 1970, Mrs. Honeycutt purchased the home from Mr. Martin for $5,000. She paid $4,000 in cash and financed the remaining $1,000.
On February 26, 1971, the Jefferson County Health Department, pursuant to a complaint that the field lines to the septic tank were erupting, ordered Mrs. Honeycutt to either disconnect the field lines from the septic tank or move from the premises. As previously stated, the soil at the dwelling was unsuitable for a septic tank. There are no sewers located in the area.
Mrs. Honeycutt vacated the premises between February 26, 1971, and April 19, 1971. She has thereafter been unable to either re-occupy or rent the house which lacks operational bathroom facilities.
On February 25, 1972, Mrs. Honeycutt filed a complaint seeking $10,000 in damages from Mr. Martin and Mrs. Garner. The complaint alleged that Mrs. Honeycutt, in reliance on the false and fraudulent representations of the defendants, had been induced to purchase the Eubank Road premises and had suffered damages thereby.
After numerous amendments to the pleadings the case came to trial on November 18, 1975. On that date, the court granted, for unstated reasons, Mrs. Garner's motion for summary judgment. Her motion was as follows:
 "Defendant, Ada Mae Garner, moves the Court to enter, . . . a summary judgment in the said defendant's favor, dismissing the action . . . on the ground that there is no genuine issue as to any material fact and that the said defendant is entitled to a judgment as a matter of law."
Title 7, § 42, Code of Alabama 1940, bars actions for fraud not initiated within one year after the discovery of the fraud. Mr. Martin's motion for summary judgment asserting that the statute of limitations barred Mrs. Honeycutt's action was denied *Page 173 
by the court on November 18, 1975. On November 19, 1975, after a trial of the issues, the jury found for Mrs. Honeycutt in the amount of $4,250 plus costs. Mr. Martin's motion for a new trial was denied on March 31, 1976, and he thereafter instituted this appeal.
 I
As seen from above, there is no showing that the favorable disposition of Mrs. Garner's motion for summary judgment was predicated on the statute of limitations. Hence, we need not delve into the alleged inconsistencies in the treatment accorded the defendants on their respective motions for summary judgment.
It is sufficient to point out that the record affirmatively establishes the correctness of the trial court's disposition of Mr. Martin's motion for summary judgment. This court finds no evidence in the record that establishes any date other than February 26, 1971, as the date that Mrs. Honeycutt first became aware of the fraud. Mr. Martin, in brief, contends that Mrs. Honeycutt, in response to one of Mrs. Garner's interrogatories, stated that she first became aware of the fraud on February 24, 1971. Hence, he concludes, the filing of her complaint on February 25, 1972, was without the period prescribed by Tit. 7, § 42.
As previously stated, we find no such evidence. Even if we did, it would not alter the decision we reach herein the slightest regard. Mrs. Honeycutt's pretrial affidavits, which are included in the record, establish February 26, 1971, as the date she first was apprised of the fraud. If the alleged evidence indicating Mrs. Honeycutt did discover the fraud on February 24, 1971, had been made available to the trial court, a material question of fact would have been presented to that court. It is axiomatic that a summary judgment is appropriate only where there is no material issue of fact. DeBardeleben v.Cummings, 453 F.2d 320 (5th Cir. 1972); Blackford v. CommercialCredit Corp., 263 F.2d 97 (5th Cir. 1959), cert. denied,361 U.S. 825, 80 S.Ct. 74, 4 L.Ed.2d 69. The trial court's denial of Mr. Martin's motion for summary judgment is therefore without error.
 II
Mr. Martin, through able counsel, also contends that in an action for fraud, punitive damages can be awarded only if the fraud is "malicious, oppressive, or gross." He states the excessive nature of the damages awarded conclusively demonstrates the verdict herein constituted punitive damages. We disagree that the verdict necessarily includes an award of punitive damages although such an award can be supported by the evidence.
We initially note the attendant presumption of correctness attaching to jury verdicts for damages. Alabama Power Companyv. Mosley, 294 Ala. 394, 318 So.2d 260; Midwestern Welding Co.,Ltd. v. Coosa Tool and Die, Inc., 54 Ala. App. 159,306 So.2d 25. Furthermore, this presumption is enhanced when the trial court, as here, overrules a motion for a new trial. Moon v.Nolen, 294 Ala. 454, 318 So.2d 690; Jackson Company v.Faulkner, 55 Ala. App. 354, 315 So.2d 591.
Generally, damages in an action for fraud consist of the difference between the actual value of the property at the time of sale and what it would have been had it been as represented.Boriss v. Edwards, 262 Ala. 172, 77 So.2d 909. Mrs. Honeycutt paid a stated consideration of $5,000 for the property. Additionally, insurance payments on the property, interest and other finance charges totaled $536.95, making her total expenditures $5,536.95. That she has been unable either to live in or rent the dwelling subsequent to vacating it is uncontroverted. Hence, there is ample evidence supporting her testimony that the house in its actual condition at the time of the sale was worth nothing to her. Therefore, the difference between the actual value of the house at the time of sale and what it would have been worth had it been as represented approaches $5,536.95. The jury verdict of $4,250 is thus somewhat less than that which could have been appropriately *Page 174 
awarded to Mrs. Honeycutt through application of the principle enunciated in Boriss, supra, and can be said to represent an effort by the jury to allow some value for the land.
Viewing the evidence with the attendant presumptions leads us to conclude there was no error in the proceedings below.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.