Plaintiff James Morris appeals from a jury verdict for the defendant, Westbay Auto Imports, Inc. ("Westbay"). Specifically, Morris contends that the trial judge erroneously charged the jury concerning the issue of damages.
The evidence showed that Morris brought his 1979 Volkswagen Vanagon to Westbay, a Volkswagen dealership, to have it repaired. After inspecting the van, Westbay employees determined that the engine of the van should be replaced. A factory remanufactured engine was placed in the van.
Morris brought this action for fraud against Westbay, contending that Westbay had represented that the engine was new. Morris testified at trial that Westbay's service manager, Woody Dobbins, gave him three options to replace the bad engine: (1) He could purchase a rebuilt engine with used parts for $900; (2) He could purchase a rebuilt engine with new parts for $1,600; (3) He could purchase a new engine for $1,900. Morris testified that Dobbins never mentioned the term "remanufactured engine" to him. Morris testified that he decided to go with the third option, i.e., the new engine for $1,900, because it would be a new engine from the factory, and Westbay's mechanics would not have to assemble it. Morris told Dobbins that for the price difference between the new engine (third option) and the rebuilt engine with new parts (second option) of only $300, he would rather have a "new engine come straight from the factory than have to worry about down the road extra repairs because someone put it together incorrectly." After making his election to go with the third option, Morris instructed Westbay to go ahead and order the new engine.
Morris purchased the supposedly new engine from Westbay on May 3, 1984. The Vanagon van had 54,573 miles on it at that time. Morris was given Westbay invoice number 4761 reflecting the purchase. The invoice specifically states "Install new engine."
The invoice had stamped on it, on the left side, "ALL PARTS INSTALLED ARE NEW UNLESS SPECIFIED OTHERWISE." There was no notation on the invoice showing that the engine was not new.
Westbay contends that Morris was told that the engine was remanufactured; therefore, the evidence was conflicting. There is no dispute that Morris paid $1,926 for the engine, and that the fair market price of a remanufactured engine is approximately $1,900. *Page 1375 
The trial judge, in his charge to the jury, stated:
 "If the defendant represented to the plaintiff that they were going to supply him with a new engine but charged him only for a remanufactured engine and actually supplied a remanufactured engine, then the plaintiff has sustained no damage and he is not entitled to recover."
Plaintiff objected to the charge. It is clearly erroneous, because "there is another well-settled rule pertaining to the measure of damages resulting from fraudulent conduct or representations, to the effect that such damages will be fixed by an amount which would place the defrauded person in the position he would occupy if the representations had been true."Fogleman v. National Surety Co., 222 Ala. 265, 268, 132 So. 317
(1931). Under the facts of this case, the charge given by the trial judge was prejudicial, especially because earlier in the charge the jury was instructed:
 "If he [the plaintiff] has failed to reasonably satisfy you from the evidence that he has sustained actual damages, then your verdict must be in favor of the defendant, regardless of the fact of whether or not the defendant intended to deceive the plaintiff."
This instruction, coupled with the above quoted excerpt from the court's charges concerning damages, in effect, directs a verdict for the defendant.
Because the court incorrectly instructed the jury, based upon the evidence presented in the case, we are compelled to reverse the judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.
ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.