Jimmy Wilhoite filed suit in the Circuit Court of Elmore County seeking damages from James L. Franklin for alleged misrepresentation and fraud. The case was tried to a jury, which returned a verdict in favor of Wilhoite in the amount of $5,500 in actual damages. Franklin filed a motion for new trial, which was granted. Wilhoite appeals.
Franklin filed a motion for new trial, alleging ten different grounds. After a hearing, the trial court granted the motion, but failed to state the reason for granting the motion. On appeal, Franklin asserts that the new trial was properly granted on the grounds that there was no established evidence presented justifying the award of damages and that the verdict is not sustained by the great preponderance of the evidence.
In Ex parte Oliver, 532 So.2d 627 (Ala. 1988), our supreme court stated the rule of review regarding a trial court's grant of a new trial without specifying the grounds. That rule is as follows:
 "If all of the specific grounds asserted in support of the motion for new trial fail to justify the trial court's decision to grant a new trial, then, and only then, does the reviewing court treat the motion for new trial as having been granted on the general ground that the verdict was against the great weight and preponderance of the evidence, if that ground was asserted."
532 So.2d at 628.
Based upon our review of the record and the evidence presented, we find that the motion for new trial was granted on the basis that there was no substantial evidence presented justifying the award of damages.
Wilhoite brought this action pursuant to Ala. Code 1975, §6-5-100 through § 6-5-101, entitled "Fraud, Misrepresentation and Deceit." When bringing an action pursuant to this title, the plaintiff must show not only that a material misrepresentation occurred but also that he has been damaged.Shafer v. Timmons, 51 Ala. App. 157, 283 So.2d 609 (1973).
Wilhoite contends that the misrepresentation occurred when Franklin advertised and offered for sale a 1982 Can Am Corvette, when, in fact, Franklin knew that it was a 1972 model. Based upon Franklin's inducement, Wilhoite purchased the 1972 Corvette, believing that it was a 1982 model. Wilhoite alleged that he suffered damages because "the car he received was of less value" and "he was caused to incur expenses" to cure the defects in the car.
The general measure of damages in a case of this type is the difference between what the property is actually worth and what it would have been worth if the property had been as represented. Martin v. Honeycutt, 341 So.2d 171 (Ala.Civ.App. 1976). The purpose of damages in a case such as this is to place the defrauded person in the position he would occupy if the representations had been true. Morris v. Westbay AutoImports, Inc., 512 So.2d 1373 (Ala. 1987). All naturally resulting damages, including expenses incurred as a result of the fraud, are recoverable, but they must be actual damages proved at trial. P S Business Machines, Inc. v. OlympiaU.S.A., Inc., 707 F.2d 1321 (11th Cir. 1983). The jury's assessment of damages cannot be based on speculation or conjecture. McClendon Pools, Inc. v. Bush, 414 So.2d 92
(Ala.Civ.App. 1982).
Applying these rules to this case, and despite the rule that a jury verdict will be reviewed with all favorable presumptions, Jawad v. Granade, 497 So.2d 471 (Ala. 1986), we find that there was no evidence to support the amount of damages awarded. Wilhoite testified that he traded a 1978 Jeep and $3,500 for the used Corvette. He testified further that he incurred expenses in fixing the defects in the car. He failed, however, to submit testimony concerning the amount of those expenses. Furthermore, Wilhoite completely failed to establish the actual value of the Corvette or what it would have been worth had it been as represented.
In light of the evidence, it must be concluded that the jury's verdict was based *Page 1238 
upon mere speculation and conjecture and cannot stand.Hubbard Bros. Const. Co. v. Brackner, 390 So.2d 648
(Ala.Civ.App. 1980). Accordingly, the trial court's order granting Franklin's motion for new trial is affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.