ON APPLICATION FOR REHEARING
This court's original opinion, dated June 26, 1992, is withdrawn, and the following is substituted therefor:
This workers' compensation case concerns the trial court's calculation of the employee's benefits and requires us to construe the applicable statutory provisions.
William David Mabry, an employee of USX Corporation, injured his right hand on January 19, 1989, in an accident that occurred *Page 250 
while he was performing his job for USX. Thereafter, Mabry brought an action to recover benefits under the workers' compensation statute of this state.
The case came before the trial court in October 1991 on motions for summary judgment by both Mabry and USX. After hearing the evidence offered on the motions, the trial court granted Mabry's motion by its statement of law, facts, and conclusions. Specifically, the trial court found that, as had been stipulated by the parties, Mabry had sustained a work-related injury resulting in a 15% permanent partial impairment limited to his right hand. The court further found that Mabry's injury was a "scheduled member injury" covered by § 25-5-57(a)(3)a., Ala. Code 1975, which provides an employee with 170 weeks of compensation for permanent partial disability of an injured hand. § 25-5-57(a)(3)a. 12.
Based on the fact that the average weekly wage of the state, as determined by the Director of Industrial Relations, was $368 at the time of Mabry's accident, the trial court calculated as follows with regard to weekly benefits due Mabry:
"$368.00 (State's Average Weekly Wages)
 X .15 (Plaintiff's permanent partial disability as determined by Court)
 $ 55.20 (Sum plaintiff entitled to per week for permanent partial disability)."
The court then ordered USX to pay Mabry benefits in the amount of $55.20 per week for 170 weeks, for a total of $9,384 in compensation.
USX appeals, asserting that the trial court miscalculated the benefits due Mabry. We agree and reverse and remand with instructions.
We note here that because there is no dispute as to the facts of the case, this court is free to focus on whether the trial court correctly applied the relevant law to those facts.Birmingham Ret. Relief Sys. v. Elliott,532 So.2d 1019 (Ala.Civ.App. 1988).
Section 25-5-57(a)(3)f., Ala. Code 1975, provides in relevant part as follows:
 "All compensation provided in this subsection (a) for loss of members or loss of use of members is subject to the same limitations as to maximum and minimum weekly compensation as stated in section 25-5-68."
(Emphasis added.) The pertinent part of § 25-5-68(b), Ala. Code 1975, provides that:
 "With respect to injury or death resulting from an accident occurring on or after February 1, 1985, the compensation paid under this article shall be not less than, except as otherwise provided in this article, 27 1/2 percent of the average weekly wage of the state as determined by the director of industrial relations . . . and, in any event, no more than 100 percent of such average weekly wage; except that the maximum compensation payable for permanent partial disability shall be no more than the lesser of $220.00 per week or 100 percent of such average weekly wage."
(Emphasis added.)
Thus, § 25-5-68(b) limits compensation payable for permanent partial disability to $220 per week. The trial court, however, found as follows:
 "The law in Alabama has held that the [workers' compensation] act is to be liberally construed to effect its beneficent purposes. Therefore, the Court would hold the calculation is to be based on the State's average weekly wage rather than the minimum of two hundred twenty dollars ($220.00)."
While the general rule in this regard favors construction to effect the beneficent purpose of the workers' compensation statute, the statute should not be given a construction extending it beyond its legitimate scope nor one which the language of the statute does not fairly and reasonably support.Ex parte Beaver Valley Corp., 477 So.2d 408
(Ala. 1985). Clearly, *Page 251 
by the plain language of § 25-5-57(a)(3)f., the legislature intended to subject all of § 25-5-57(a), including the scheduled member injuries delineated in subsection (a)(3)a., to the limitations of § 25-5-68. Accordingly, the $220 maximum weekly benefit mandated by § 25-5-68(b) applies to a permanent partial disability of a member scheduled under §25-5-57(a)(3)a. The trial court erred by basing its calculations on the states average weekly wage of $368, and consequently, the court miscalculated the benefits due Mabry.
We would note that, under the facts of the instant case, the maximum weekly amount is used in the calculation of Mabry's benefits because, the record shows, his average weekly earnings at the time of his accident were $597.74. Because an amount equal to 2/3 of Mabry's average weekly earnings of $597.74 is greater than $220, Mabry's weekly benefits are subject to the $220 maximum provided in § 25-5-68(b). In the event that 2/3 of Mabry's average weekly earnings had equalled an amount less than $220, the lower amount would have been used to calculate Mabry's benefits. See §§ 25-5-57(a)(3)a. and f. and 25-5-68(b).
Further, because Mabry's injury is to a scheduled member, the percentage of permanent partial disability of Mabry's hand should be multiplied by the number of weeks for which compensation is scheduled under § 25-5-57(a)(3)a. 12, and not, as the trial court did, by the employee's maximum weekly compensation. See Ex parte Kirkpatrick, 495 So.2d 1095
(Ala. 1986) (Jones, J., concurring specially). See also
Jack B. Hood, Benjamin A. Hardy, Jr., E.J. Saad, AlabamaWorkmen's Compensation, § 10-10, 80 (1982); James O. Haley, Handbook on Alabama's Workmen's CompensationLaw, 80 (1982). Thus, Mabry is entitled to benefits of $220 for 15% of 170 weeks, or 25.5 weeks, and the total amount of benefits due Mabry is properly $5,610.
The judgment of the trial court is reversed and the cause is remanded with instructions for the court to enter an order consistent with this opinion.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.