YATES, Judge.
In March 1991, Carolyn McNair sued Do-than Marine, Inc.,[1] to recover workmen’s *1218 compensation benefits for an on-the-job injury she had suffered on June 19, 1990. In March 1992, Auto-Owners Insurance Company, the workmen’s compensation insurance carrier, moved to intervene, requesting bifurcated proceedings to determine whether it was obligated to provide a defense or coverage under the policy, and asking the court to “declare the rights, obligations, and remedies of the parties herein.” The request for intervention was granted.
Auto-Owners then counterclaimed against McNair and crosselaimed against Dothan Marine, alleging that Dothan Marine did not, as required by the insurance policy, promptly notify it of McNair’s injury and that it, therefore, had no duty to defend the claim or to pay damages. In July 1994, the trial court entered a summary judgment in favor of Auto-Owners, holding that Auto-Owners had no duty to pay any judgment in favor of McNair and that it had no obligation to indemnify or to defend Dothan Marine in regard to McNair’s claim. In August 1994, the court made the judgment final, pursuant to Rule 54(b), Ala.R.Civ.P. McNair appeals, contending that the summary judgment was improper. We agree.
A summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. In deciding whether there was a genuine issue of material fact, this court must view the evidence in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wakefield v. State Farm Mutual Automobile Ins. Co., 572 So.2d 1220 (Ala.1990).
McNair testified by deposition that the morning after her injury she spoke by telephone with her supervisor at Dothan Marine and that the supervisor told her to go to the hospital emergency room. McNair went to the emergency room; she was treated and released, but she had to return to the emergency room later that. day. She stated that the hospital received permission by telephone from Gharrett Driskell, president of Dothan Marine, for her to receive treatment. McNair further testified that two days after her injury, and again approximately one week later, she took to Driskell a letter from her doctor stating that she could not work. She said that she telephoned Driskell to ask what she should do about her work, because she was hurt. She stated that he wanted to know what had happened; she said that she told him, and that he told her he would pay her salary for two weeks; she said he did so and that she did not return to work.
The workmen’s compensation insurance policy required Dothan Marine to “tell [Auto-Owners] at once if injury occurs that may be covered by this policy” and to “promptly give [Auto-Owners] all notices, demands and legal papers related to the injury, claim, proceeding or suit.” Auto-Owners alleged that Dothan Marine did not notify it of McNair’s claim until six months after the injury and, therefore, it argued, it was not responsible for defending the claim or paying damages. McNair argues that Auto-Owners cannot raise the issue of lack of timely notice from her employer, its insured, when she had timely notified Dothan Marine.
Section 25 — 5—8(f)(1), Ala.Code (1975), requires that all insurance policies contain the following language: “[A]s between the worker and the insurer, notice to and knowledge by the employer of the occurrence of the injury shall be deemed notice and knowledge on the part of the insurer.”
Auto-Owners acknowledged this statutory provision by including in its policy a clause stating, “[W]here ... required by law ... [a]s between an injured worker and us [Auto-Owners], we have notice of the injury when you [the policyholder/employer] have notice.” Therefore, when McNair notified Dothan Marine, the condition precedent under the policy had been met and coverage should not be denied for lack of prompt notice.
This court in Kennedy v. Cochran, 475 So.2d 872, 875 (Ala.Civ.App.1985), stated:
*1219 “Our courts have observed that ‘no contract or agreement can modify a law, the exception being where no principle of public policy is violated parties are at liberty to forgo the protection of the law.’ ... [T]he Alabama legislature in enacting the workmen’s compensation law declared a principle of public policy that employees be covered by this law. Thus, any attempt to modify the act’s provision by contract or agreement would abrogate this act and its purpose.”
(Citations omitted.) Further, “The Workmen’s Compensation Act was intended to serve a beneficent purpose, and should be liberally construed so as to effectuate its purpose and humane design.” Wells v. Morris, 33 Ala.App. 497, 502, 35 So.2d 54, 57 (1948). We believe the legislative intent behind § 25-5-8(f)(l) is clear from the plain language of the statute itself; it appears that Auto-Owners attempted to undermine the statute’s purpose.
Accordingly, after reviewing the evidence, we conclude that the trial court erroneously entered the summary judgment in favor of Auto-Owners. Therefore, we reverse the judgment and remand the case for further proceedings consistent with this opinion. McNair’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, MONROE and CRAWLEY, JJ., concur.

. Dothan Marine closed in December 1992, and at the time of the proceedings in this case was undergoing dissolution.