ROBERTSON, Presiding Judge.
On June 4, 1996, Akzo Nobel Industrial Fibers, Inc. (“Akzo”), sued its employee, Tracy L. Gilliam, seeking a declaratory judgment from the Jackson County Circuit Court concerning its responsibilities under the Alabama Workers’ Compensation Act. Among other things, Akzo sought a declaration that it could terminate Gilliam’s employment, pursuant to Ala.Code 1975, § 25-5-8(g)(2), without incurring liability under the retaliatory discharge provision of the Act, Ala.Code 1975, § 25-5-11.1. Gilliam answered and counterclaimed, seeking workers’ compensation benefits for his injury.
On August 14, 1996, Akzo moved for a summary judgment. On March 17,1997, the trial court entered a judgment stating, in pertinent part:
*447 “This action is before the Court on the Plaintiffs motion for summary judgment which seeks a finding by this Court interpreting Section 25-5-8(g)(2) and Section 25-5-11.1 of the Code of Alabama.
“On the issue of the employer’s liability for retaliatory discharge under Section 25-5-11.1, the Court finds the undisputed facts to reflect that the Defendant, while in pursuit of what, from aught appears, may well be a legitimate workman’s compensation claim, did, in fact, make false representations to his employer regarding certain aspects of that claim regarding treatment of the original injury.
“Accordingly, the Court finds, as a matter of law, that the employer would not be subject to liability under the retaliatory discharge statute should the employer elect to terminate the Defendant, Tracy G. Gilliam.
“The Court further finds that the Defendant, under his counterclaim as filed herein, is not precluded from pursuing such claim for benefits under the Workmen’s Compensation Act of Alabama as may be appropriate under the facts in this case.”
On March 24, 1997, the trial court entered an order purporting to make its judgment of March 17,1997, final, pursuant to Rule 54(b), Ala.R.Civ.P. Gilliam appealed on May 1, 1997. On June 12,1997, this court remanded the cause to the trial court to enter an order, pursuant to Rule 54(b), in compliance with Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996). The trial court entered the appropriate order on June 24, 1997.
On appeal, Gilliam argues that the trial court erred in granting Akzo relief under Ala.Code 1975, § 25-5-8(g)(2), after finding that Gilliam had a viable workers’ compensation claim.
In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining “whether the evidence before [it] made out a genuine issue of material fact” and whether the movant was “entitled to a judgment as a matter of law.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a pri-ma facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
Viewing the record in a light most favorable to Gilliam, we note the following facts. While performing his job duties on April 16, 1996, Gilliam injured his back. Gilliam told his supervisor that he had hurt his back, but he finished his shift before going home. On April 17, 1996, Gilliam’s injury had worsened to the extent that he informed an Akzo supervisor that he would not be able to report for his next scheduled work day, April 20, 1996. Gilliam testified that an Akzo employee told him to see a doctor before he returned to work. Gilliam did not report to work on either April 20, or April 21, 1996. He went to see his family doctor, Dr. Grady Jones, on April 22, 1996.
Dr. Jones diagnosed Gilliam as suffering from low back pain, and office personnel at Dr. Jones’s office prepared a work excuse, purportedly signed by Dr. Jones, stating that Gilliam had been under Dr. Jones’s care from April 17, 1996, to April 22, 1996. After having been informed that the injury occurred at work, Dr. Jones advised Gilliam to get treatment from a company doctor. Gilliam was referred to Dr. Louis Letson by the company nurse and was examined by Dr. Letson on the same day, April 22. Dr. Letson prescribed medication and physical therapy for Gilliam’s condition, but Gilliam did not go to the physical therapy sessions recommended by Dr. Letson. Gilliam reported to Akzo that he had been treated by Dr. Jones on *448 April 17, 1996, and that he had attended physical therapy. Both of these statements were false.
Gilliam argues on appeal that the summary judgment is legally inconsistent because, he says, it recognizes that Gilliam may have a valid claim for workers’ compensation benefits and simultaneously grants Akzo’s relief under § 25 — 5—8(g)(2) based on an implicit finding that Gilliam filed a fraudulent claim for workers’ compensation benefits.
Section 25 — 5—8(g)(2) provides:
“In the event the court determines and makes a finding that a worker has filed a fraudulent claim for workers’ compensation benefits under this amendatory act, Section 25-5-11.1 shall not apply to the employer. In addition to the denial of workers’ compensation benefits under this amendatory act, the employer, upon such a finding that a worker has filed a fraudulent claim for workers’ compensation benefits under this amendatory act, may terminate the worker.”
As in all cases of statutory construction, we are bound to give effect to the plain language of the statute. McNair v. Dothan Marine, Inc., 656 So.2d 1217 (Ala.Civ.App.1995); USX Corp. v. Mabry, 607 So.2d 249 (Ala.Civ.App.1992). Further, we construe the Workers’ Compensation Act liberally to effect its beneficent purpose, and we resolve reasonable doubts in favor of the employee. Riley v. Perkins, 282 Ala. 629, 213 So.2d 796 (1968); City of Guntersville v. Bishop [Ms. 2951497, May 2,1997], — So.2d - (Ala.Civ.App.1997).
We note that neither party refers us to any authority construing or interpreting the provisions of § 25-5-8(g)(2). The plain language of § 25-5-8(g)(2) requires that a trial court first make a finding that an employee has filed a fraudulent claim for workers’ compensation benefits before the statute will apply. Because the application of § 25-5 — 8(g)(2) is punitive, i.e., it authorizes the employer to withhold benefits and to terminate the employee without risk of liability for retaliatory discharge under § 25-5-11.1, we conclude that the statute’s requirement of a “finding” means that the trial court must make an explicit finding that the worker has filed a fraudulent workers’ compensation claim. Such a finding should detail the “fraudulent” nature of the claim. Cf. § 25-5-88, Ala.Code 1975 (requiring an explicit statement of the law, facts, and conclusions by the trial court).
With respect to what constitutes a fraudulent claim, we note that in addition to the penalties against the employee set out in § 25-5-8(g)(2), the filing of a fraudulent claim for workers’ compensation benefits carries criminal penalties:
“Any person who makes or causes to be made any knowingly false or fraudulent material statement or material representation for the purpose of obtaining compensation, as defined in Section 25-5-1(1), as amended, for himself or herself or any other person is guilty of a Class C felony.”
Ala.Code 1975, § 13A-11-124. Section 13A-11-124 includes the standard requirement of proof of fraud, namely, that the misrepresentation be material. See also Ala.Code 1975, § 6-5-101; Baker v. Bennett, 603 So.2d 928, 935 (Ala.1992), cert. denied, 507 U.S. 912, 113 S.Ct. 1260, 122 L.Ed.2d 658 (1993); Sanford v. House of Discount Tires, 692 So.2d 840 (Ala.Civ.App.1997).
Generally, a material fact is one that is sufficient to induce a party to take action. Jackson Co. v. Faulkner, 55 Ala.App. 354, 315 So.2d 591 (1975); Shafer v. Timmons, 51 Ala.App. 157, 283 So.2d 609 (1973). In the context of a workers’ compensation claim, a material fact is a fact necessary to support a finding of liability on the part of the employer. It would be contrary to the general definition of fraud, and certainly contrary to the beneficent purpose of the Workers’ Compensation Act, to include within the definition of “fraudulent claim” under § 25-5 — 8(g)(2) any claim during the pendency of which the employee has made a misrepresentation. Therefore, we conclude that a misrepresentation that supports a finding of a “fraudulent claim” under § 25-5-8(g)(2), must concern a fact necessary to the viability of the claim. Stated differently, if the facts establish a viable claim for benefits without consideration of the misrepresentation, then the misrepresentation is not “material” for the purposes of § 25-5-8(g)(2).
*449 In this case, Gilliam’s misrepresentations concerned the time of treatment for his injury and his compliance with the recommended treatment. However, the critical facts of Gilliam’s workers’ compensation claim, i.e., that he suffered an injury and that that injury arose out of and in the course of his employment (Ala.Code 1975, § 25-5-1), are not in dispute. Even if Gilliam’s misrepresentations are not considered, it is undisputed that Gilliam sustained an injury arising out of his employment. As the trial court noted, Gilliam appears to have a viable workers’ compensation claim under the facts already in the record.
In order for § 25 — 5—8(g)(2) to be applicable, the trial court had to make an explicit finding that Gilliam misrepresented facts material to the validity of his workers’ compensation claim and that Gilliam’s claim for benefits was fraudulent as a matter of law. In this case, the trial court did not make such findings; rather, it determined that Gilliam made “false representations ... regarding certain aspects of [his] claim.” (Emphasis added.) Because Akzo is not entitled to a judgment as a matter of law under these facts, the summary judgment is reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs specially.
THOMPSON, J., dissents.